ALPHEUS MERRIFIELD *vs.* HIRAM COBLEIGH.

Where a forfeiture of land is claimed by the grantor for breach of a condition sub sequent, in the performance of which he has no interest, having parted with the estate for the accommodation of which it is created, the terms of the condition are to be construed with great strictness.

The owner of a lot of land made a deed of a small parcel thereof, with a house thereon, reserving to himself the privilege of a bridle road in front of the house, and not to be at any expense in supporting a fence around the land conveyed, and whenever the grantee, his heirs or assigns should neglect or refuse to support the fence, then the deed to be void; and subsequently conveyed the residue to one who removed the fence without replacing it and reconveyed such residue to

Merrifield *v.* Cobleigh.

the grantor, who afterwards entered upon the small parcel claiming a forfeiture thereof for breach of the condition: It was held, that the condition, if not merely personal, being designed to benefit the grantor, as owner of the residue of the lot, attached to such residue, and passed to the grantee thereof, whose removal of the fence was an extinguishment or waiver of the condition; which, being thus determined, could not be revived by the reconveyance. And the reconveyance having been in mortgage, it was held, further, that it was immaterial in this respect, whether the removal of the fence took place before or after the execution of the mortgage. It was held, also, that until reasonable notice given, or request made, and neglect or refusal of the grantee, to replace the fence, there was no neglect or refusal to support the fence, within the terms of the condition.

THIS was a real action to recover half an acre of land, with a house and buildings thereon, situated in the southerly part of the city of Worcester. The trial was in this court before the chief justice, by whom the case was reported for the consideration of the whole court.

The demandant, on the 7th of November, 1821, being then the owner of a tract of land containing between fourteen and fifteen acres, of which the demanded premises were parcel, conveyed the latter to Elizabeth Cobleigh, her heirs and assigns, by a deed containing the usual covenants, and also the following clause : " Reserving, however, to myself, the privilege of a bridle road in front of the house, and not to be at any expense in supporting a fence around said land. Whenever she, the said Elizabeth Cobleigh, or her aforesaids, shall neglect or refuse to support said fence, then this deed to be void." The granted premises were bounded on two or three sides thereof by the grantor's other land.

On the 15th of December, 1834, Elizabeth Cobleigh mortgaged the demanded premises to her son Hiram Cobleigh, the tenant, and died without having discharged the mortgage. Henry Cobleigh, son of Elizabeth, having entered on the demanded premises and resided there with his mother during her lifetime, continued to occupy the same after her death. Hiram Cobleigh, the mortgagee, brought an action against him to foreclose the mortgage, and having recovered judgment therein at the March term of the court of common pleas, 1848, took possession of the premises by virtue of a writ of possession on the 18th of April, 1848.

The demandant, in 1827, conveyed the residue of the

original lot of fourteen acres to Martin Wilder, from whom by mesne conveyances the same came to and vested in Henry Cobleigh, on the 3d of July, 1832. On the 4th of March, 1835, Henry Cobleigh mortgaged the estate to the demandant, as security for the payment of the sum of $120, and interest.

It was in evidence, that after the conveyance by the demandant to Elizabeth Cobleigh, and after he had conveyed the residue of the original lot of fourteen acres, as above stated, between which and the demanded premises was the fence referred to in the reservation and condition contained in the deed to Elizabeth Cobleigh, namely, in the year 1833, 1834, or 1835, the fence on the north side of the demanded premises had been removed; and that no fence was or had been standing or remaining thereon, at and for some years previous to the 16th of January, 1847; on which day, the demandant, claiming that the demanded premises were forfeited by a breach of the condition in the deed to Elizabeth Cobleigh, by reason that she and her assigns had not maintained and supported a fence, and that there was none around the demanded premises, entered for such alleged breach of condition, with the consent of Henry Cobleigh, and thereupon claimed that he was seized in fee of the premises, as of his former estate, under that title; but the demandant, previous to such entry, had not made any demand upon or given any notice to Elizabeth Cobleigh, in her lifetime, or to Hiram or Henry Cobleigh, since her decease, to erect, maintain or support a fence around the demanded premises. It was conceded, that the fence in question was removed after Henry Cobleigh became the owner of the fourteen acre lot, but it was doubtful, from the evidence, whether the removal took place before or after his mortgage to the demandant.

At the same time that the demandant made an entry upon the demanded premises, claiming the same as forfeited, he also entered upon the residue of the lot of fourteen acres, with the consent of Henry Cobleigh, for condition broken, by reason of the non-payment of the money due on the mortgage thereof and to foreclose the same.

It was contended, among other grounds of defence, that the condition in the deed from the demandant to Elizabeth Cobleigh, that the grantee should maintain a fence, was made for the benefit of the grantor, in his capacity as owner in fee of the adjoining fourteen acres; that the right to enforce it vested in the grantee of that estate, and came by mesne conveyances to Henry Cobleigh; that Henry Cobleigh, after he thus became the owner of the estate, himself removed and took away without replacing the fence; and that such voluntary act of his was a waiver of the condition, which he alone then had a right to enforce.

The judge being of opinion, that the right to enforce the condition vested in Henry Cobleigh, by the demandant's conveyance and by the mesne conveyances; that his act in removing the fence was a waiver of the condition; and that it was immaterial whether such removal was before or after Henry Cobleigh's mortgage to the demandant; a verdict was taken by consent for the tenant, subject to the opinion of the whole court, upon the case to be reported.

*E. B. Stoddard*, for the demandant.

A grantor may annex wnat conditions he pleases to his grant, so they be not illegal or repugnant to the grant. 2 Cruise, (Gr. ed.) 12. This condition is valid; and the act of Henry Cobleigh could not waive, but at most, only suspend it. Shep. Touch. 129, 131; 1 Bac. Ab. Condition, L.; Com. Dig. Condition, D. 6; *Doe* v. *Pearson*, 6 East, 173; 4 Kent, 132, note; *Gray* v. *Blanchard*, 8 Pick. 284; *Doe* v. *Allen*, 3 Taunt. 78. A condition, or the benefit of a condition, can only be reserved to the grantor or his heirs, not to a stranger; for it is a maxim of law, that nothing which lies in action, entry, or reëntry can be granted over, in order to discourage maintenance. 2 Cruise, (Gr. ed.) 4. An express condition in a deed cannot be waived, or its effect destroyed, by parol, or silent acquiescence. *Jackson* v. *Crysler*, 1 Johns. Ca. 125. It is material whether the fence was removed before or after the mortgage. *Gray* v. *Blanchard*, 8 Pick. 284, 292.

*W. A. Bryant*, for the tenant.

A condition subsequent is to be construed strictly 4 Kent,

129, 132; *Catlin* v. *Springfield F. Ins. Co.* 1 Sumn. 434, 440.
The grantee of the residue might waive the condition, on the
ordinary principle of a waiver of what is for one's benefit;
and the removal of the fence by him destroyed the condition.
2 Cruise, (Gr. ed.) 8, 28, 37, note; *Goodright* v. *Davids*,
Cowp. 803, 805; 1 Hilliard, Ab. *c.* 28, § 21; *Chalker* v.
*Chalker*, 1 Conn. 79; *Enfield Toll Bridge Co.* v. *Connecticut
River Co.* 7 Conn. 28, 45; *Bayley* v. *Homan*, 5 Scott, 94;
*Dickey* v. *McCullough*, 2 W. & S. 88, 100; *Fox* v. *Phelps*, 20
Wend. 437. The case of *Gray* v. *Blanchard* neither raises
nor decides the question, as to the relative times of removing
the fence, and giving the mortgage. At the time of the de-
mandant's entry, there had been no breach of the condition.
See *Lyman* v. *Lull*, 4 N. H. 495. The entry was not suf-
ficient without notice to the party adversely interested.

SHAW, C. J. This is a real action to recover land, which
the demandant formerly owned, and which he conveyed by
deed to one Elizabeth Cobleigh, from whom the tenant claims,
subject to a condition, that the deed should be void, when-
ever the grantee, her heirs or assigns, should neglect or refuse
to support a fence around said granted land.

It appears that the deed was made in 1821, that the grantor
was then the owner of a tract of between fourteen and fifteen
acres, out of which the grant of half an acre was made. It
appears by the description, that the granted premises bounded
on the grantor's other land, on two or three sides thereof.
The condition, in connection with a reservation, is thus ex-
pressed : " Reserving, however, to myself the privilege of a
bridle road in front of the house, and not to be at any ex-
pense in supporting a fence around said land. Whenever
she, the said Elizabeth, or her aforesaids, shall neglect or re-
fuse to support said fence, then this deed to be void."

Afterwards, and before the removal of the fence, Merrifield,
the grantor, and present demandant, conveyed away the whole
of his estate and interest in the fourteen acres, and the same
came by mesne conveyances to Henry Cobleigh, the son of
Elizabeth, who lived in the house standing on the granted
premises, being the half acre, with his mother.

Merrifield *v.* Cobleigh.

It further appeared, that Henry Cobleigh, having thus be-come owner in fee of the fourteen acres, and occupying with his mother the half acre, with the house thereon, removed one of the fences mentioned in the condition, standing on the north side of the half acre, and separating it from the four-teen acres, and that the same was never replaced in the same line, and was not standing there in 1847, when the demand-ant entered thereon, declaring his entry to be for condition broken, by reason of the failure to keep up and maintain the fence. No demand was ever made by him on any one to replace the fence.

It further appeared, that in March, 1835, the said Henry Cobleigh mortgaged the fourteen acres to Merrifield, the de-mandant; but whether this was before or after he removed the fence was left doubtful on the evidence. The demandant entered to foreclose this mortgage, at the same time that he entered for breach of the condition in his own deed, on the 16th of January, 1847. The question is whether the de-mandant can recover the land, on the ground of such for-feiture.

The jury were instructed, that this condition in the demand-ant's deed to Elizabeth Cobleigh was inserted for the benefit of the grantor, as owner of the larger lot, out of which the smaller was granted; that it vested in him only so long as he remained such owner of the larger lot; that if it was not merely personal to himself, it passed to his grantees of the fourteen acres, and came by mesne conveyances to Henry Cobleigh; that if he removed the fence, he had a right to do so, and it operated as a waiver or extinguishment of the con-dition. They were also directed, that it was immaterial whether this fence was removed before or after his mortgage to Merrifield, because until the demandant entered for breach of the condition of his own deed, he was a mortgagee out of possession, holding the estate merely as a pledge, and be-cause he did not profess to claim the benefit of such con-dition of forfeiture in his capacity as such mortgagee. If this direction was right, the verdict for the defendant must stand.

The demandant claims a forfeiture by the breach of a con dition subsequent, in the performance of which, the grantor could have no interest after he parted with the estate, for the accommodation of which it was reserved; it is therefore to be construed with great strictness.

In construing this part of a deed, as in construing every other written instrument, the court will regard the obvious intent and purpose of the parties, and so construe it as best to promote and accomplish that purpose. *Doe* v. *Bancks*, 4 B. & Ald. 401. The condition in the present case is not very technically expressed, but it seems obvious that it was designed to benefit the grantor, as the owner of the land out of which it was carved. He first reserves a bridle road, which is of no other importance here than as it expresses the same purpose, a privilege in the use of his other land; he then reserves the privilege not to be at any expense in supporting a fence around said land; he could be at no expense from this cause, either in maintaining a division fence, according to a duty imposed by law, or in fencing his own grounds for his own use, except as such proprietor of the reserved land. Then comes the condition, as follows : " Whenever the said Elizabeth Cobleigh, or her heirs or assigns, shall neglect or refuse to support said fence, this deed to be void." The words " said fence " connect the condition with the reservation, and make it manifest that the condition was inserted, to secure the privilege expressed in the reservation, to be exempt from expense in the support of such a fence. So long as he is entirely exempted from any possibility of incurring such expense, the condition is substantially kept.

If this was a condition which vested in the demandant, as owner of the land reserved, and not merely personal, it then was attached to the land, and came by mesne conveyances to Henry Cobleigh, and the removal of the fence by him, being such owner, was an extinguishment or waiver of the condition. Once rightfully waived, or extinguished, the condition was determined, and could not be revived.

But there is another view, which it appears to us is decisive. Such a condition, when relied on to work a forfeiture

is to be construed with great strictness; the demandant shall have his exact legal right, but no more. *Bradstreet* v. *Clark*, 21 Pick. 389. The condition in the present case is, that the estate shall be void, if the grantee, her heirs or assigns, shall " neglect" or " refuse " to support the fence.

Both these terms, in connection with the subject matter, imply some previous demand, notice, or request, if the fence has decayed or been removed, to replace it, and that the defendant had either "refused" in terms to do the act required, or "neglected," that is, after notice or request, and after a reasonable time allowed for that purpose, had failed to do it. In the present case, it appears that no such demand or request was made, or notice given. There was therefore no breach of condition, which defeated the estate, at the time of the entry of the demandant, and this action cannot be maintained.