Underhill *v.* Saratoga and Washington Rail Road Co.

[SCHENECTADY GENERAL TERM, May 7, 1855. *C. L. Allen, Bockes* and *James,* Justices.]

* * *

# UNDERHILL *vs.* THE SARATOGA AND WASHINGTON RAIL ROAD COMPANY.

20b 455
151a 151
20b 455,
23ap343
20b 455
37ap350

20b      455
65 AD ²554

No precise technical words are required, to make a condition precedent or subsequent. The construction must always be founded on the intention of the parties.

If the act or condition required does not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may be as well done after as before the vesting of the estate, or if from the nature of the act to be performed and the time required for its performance, it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act, after taking possession, then the condition is subsequent.

Underhill *v.* Saratoga and Washington Rail Road Co.

Where a grant was *upon the condition* that the grantees should build and maintain a water tight embankment or dam over a certain brook crossing the land conveyed, as part of their line of road, and that the said embankment or dam, with the flood-gates and sluice-ways therein, might be used for hydraulic purposes, by the grantors, their heirs and assigns; and it was covenanted that the grantees should not be liable for any damages which the grantors should sustain in case of a break in the dam or an overflow thereof, unless the same should happen through the gross negligence or willful misfeasance of the grantees, but that the grantees should repair all damages which the dam or embankment should at any time sustain, forthwith; *it was held* that the condition was *subsequent*, and that the effect of the deed was to vest the fee simple of the estate in the grantees, subject to be defeated by a neglect or refusal to perform the condition.

*Held also,* that the effect of an omission to perform the condition, by the grantees, was to give the grantors, or in case of their death, their heirs, the right of entry; but that no action could be maintained by an assignee of the grantors, to recover the land; whether the breach was before or after the assignment.

*Held further,* that by a general assignment, made by the grantors, to a third person, of all their property, rights, claims and demands, the condition was gone, and the grantees obtained an absolute estate, and were discharged from the condition, and all claim for damages for a breach of it.

*And held,* that the condition could not be construed to be a *covenant,* so as to enable the assignee of the grantors to maintain an action to recover damages for a breach thereof.

Nor can the assignee, in such a case, maintain an action for damages, on the ground of an *implied covenant*

Where a plaintiff, in his complaint and on the trial, claims to recover *land* by way of *forfeiture,* on the ground of a failure to perform a *condition* on which it was granted, he will be considered as waiving any claim for damages for *breach of a covenant* contained in the grant. He cannot be allowed to pursue both remedies at the same time, and in the same action.

A condition in a deed, when explicit words are used, creating such condition, will not be construed into a covenant, except to avoid a forfeiture.

THIS was an action to recover the possession of certain lands, and also damages for the breach of certain covenants contained in a deed. The complaint averred that on or about the 30th day of April, 1847, Henry H. Lawrence and Richard Lawrence, being seised and possessed of the lands and premises in question, with their wives conveyed to the defendants the said land comprised and included within, and bounded by, the two outward lines of the rail road constructed or to be constructed by the defendants between the villages of Saratoga Springs and

Underhill v. Saratoga and Washington Rail Road Co.

Whitehall, where the road crossed or ran upon the land owned or possessed by the said Lawrences, in the town of Saratoga Springs, being 60 feet in width, "*upon the condition however,* that the said parties of the second part in the said deed named, should build and maintain a water-tight embankment, or dam, over the ravine across the Loughbury creek, as a part of their line of road, and that the said embankment or dam, with the flood-gates and sluice-ways therein might be used for hydraulic purposes by the said parties of the first part, their heirs and assigns." The complaint further averred that there was also a covenant by the grantees to "*repair* all damages which the said dam or embankment should at any time sustain, *forthwith.*" That the defendants, immediately after the execution of the deed, entered into the possession of the land conveyed, and ever since had been and still were in possession thereof. That they had not kept and fulfilled the conditions of the deed, and had not built or maintained a water-tight embankment or dam over the said Loughbury creek, but had wholly neglected and refused so to do. That on the 13th of March, 1848, the Lawrences sold and conveyed to the plaintiff the land, premises, covenants and conditions, and all their real and personal property, rights in action, interest and effects growing out of said deed and its covenants. That by reason of such breach and neglect the plaintiff, since said deed to him, and the Lawrences, before that time, had been deprived of the use of the embankment or dam for hydraulic and other purposes ; and he claimed a forfeiture and to recover possession, and also the damages sustained by the plaintiff since the conveyance to him.

The answer, after averring that the defendants did not execute the deed and were not bound by the covenants contained in it, denied the several allegations in the complaint, except as to the execution of the deed and the taking possession of the premises, and averred a performance of the conditions on the part of the defendants. It then set up various defenses not necessary to be stated here ; upon which the reply took issue.

The action was tried at the Saratoga circuit in June, 1853, and upon the trial the plaintiff insisted that he had proved that

the defendants had not constructed a water-tight enbankment or dam, such as was required by the condition, and claimed damages therefor, and also possession of the land, by reason of the forfeiture for breach of the condition. It appeared in evidence that the Lawrences were permitted, by an agreement dated Oct. 15, 1844, under the hands of Messrs. Davison and Marvin, two of the defendants' directors, to construct the dam themselves, and the defendants, by a resolution of the board, on the 6th of December, 1844, gave them liberty to construct it; and that *one of the Lawrences built the dam.* No erection or location of any machinery was shown or pretended. The plaintiff also proved the conveyance to him, which was by virtue of a general deed of assignment, in trust for the benefit of creditors, containing a clause as follows : " All and singular the lands, tenements, hereditaments, real estate and chattels real of the said party of the first part [the Lawrences] and of each of them, wherever the same may be situated, and also all the goods, wares, merchandise, bonds, notes, accounts and debts due and owing to the said parties of the first part and each of them, in what manner soever secured, and all books and vouchers relating thereto, and all the personal property of the said parties of the first part, of every kind and description, wherever the same may be, in trust however," &c.

The plaintiff having rested, the defendants' counsel claimed that the plaintiff should be required to elect whether he would claim a forfeiture of the land, or whether he would claim damages for a breach of the covenant ; that he could not claim both. The plaintiff's counsel then insisted that he was entitled to recover the land, on the ground of a failure to perform the condition in the deed. That the consideration was precedent and subsequent, and that for a breach of it an action could be maintained by the plaintiff, as assignee of the grantors, and that if he was not entitled to maintain the action on the ground of forfeiture he was entitled to recover damages for a violation of the condition and covenant. The court decided that the plaintiff could not recover the land, or the estate, for a breach of the condition in the deed, whether such breach occurred before or

after the conveyance to the plaintiff, and that such breach of the condition was not assignable. The plaintiff's counsel excepted.

The counsel for the defendants then moved for a nonsuit, upon the following grounds : 1. That the plaintiff, under the evidence, could not maintain his action, for the recovery of the land, on the ground of a breach of the condition, because the right of action, if any, could not be assigned. 2. That if assignable, such right would not pass to the plaintiff, without an express grant, and that there was not sufficient evidence of such grant. 3. That the plaintiff, upon the evidence, was not entitled to maintain an action for the recovery of the land upon the ground of forfeiture. 4. That the condition in the deed to the defendants of the premises in question, could only be reserved to the grantor *and his heirs.* The conveyence by the grantors, to the plaintiff, upon the evidence, did not entitle the plaintiff to re-enter or recover the land. 5. That the plaintiff could not maintain an action to recover damages for a breach of the condition or covenants, for they had not executed the deed, and this action could not be maintained upon any implied covenant or agreement. The court ordered a nonsuit, and the plaintiff's counsel excepted. A motion was now made for a new trial, upon a bill of exceptions.

*Edwards & Meads,* for the plaintiff.

*W. L. F. Warren* and *W. A. Beach,* for the defendants.

*By the Court,* C. L. ALLEN, J. There can be little doubt, I apprehend, but that the provision in the deed was a condition subsequent. No precise technical words are required to make a condition precedent or subsequent. The construction must always be founded on the intention of the parties. (3 *Cruise's Dig.* 468, *tit.* 32, *ch.* 24, *sec.* 70. 1 *id. tit.* 13, *ch.* 1, *sec.* 10.) The same words have been construed both ways, and much has been made to depend on the order of time in which the conditions are to be performed. If the act or condition required does not necessarily precede the vesting of the estate, but may ac-

company or follow it, and if the act may be as well done after as before the vesting of the estate, or if from the nature of the act to be performed and the time required for its performance it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act after taking possession, then the condition is subsequent. (*Blacksmith* v. *Fellows*, 3 *Seld.* 401, 414. *Parmelee and others* v. *The Oswego and Syracuse Rail Road Co.*, 2 *id.* 74, 80. *Martin* v. *Ballou*, 13 *Barb.* 119, 133. *Grant* v. *Johnson*, 1 *Seld.* 247. *Tompkins* v. *Elliot*, 5 *Wend.* 496. 1 *Hilliard's Ab.* 247, § 5. *Finlay* v. *King*, 3 *Peters*, 346, 374. *Stuyvesant* v. *The Mayor of New York*, 11 *Paige*, 414.)

Do the acts required by the condition in this case necessarily precede the vesting of the estate? The grant was " *upon the condition* that the parties of the second part in the said deed named, should build and maintain a water-tight embankment or dam over the ravine across the Loughbury brook, as a part of their line of road," and " that the said embankment or dam, with the flood-gates and sluice-ways therein, might be used for hydraulic purposes by the said *parties of the first part, their heirs and assigns.*" A further covenant was inserted in the deed, that the parties of the second part were not to be liable for any damages which the parties of the first part, their heirs or assigns, should or might sustain in case of a break of the dam or overflow of the same, unless they should happen through the gross negligence or willful misfeasance of the parties of the second part; but " the *said parties of the second part* should repair all damages which the dam or embankment should at any time sustain, forthwith." It is pretty clear, from the phraseology of the condition, that the acts required might not only follow the vesting of the estate, but that they almost necessarily did, or that at all events it was the evident intention of the parties that the dam or embankment would involve much time and expense, and require the possession of the land on the part of the defendants. There was no limit to the time of its performance, and consequently the defendants would be allowed a reasonable time to construct and complete the work. And it was

never contemplated that during all the time necessary for such an act the defendants should be prevented from taking possession of the land, and delayed in the construction of their road, which might otherwise be progressing at the same time that the condition in the deed was being complied with. I am of opinion, therefore, that the condition was subsequent, and that the effect of the deed was to vest the fee simple of the estate in the defendants, subject to be defeated by a neglect or refusal to perform the condition. The cases already cited establish this proposition, and it is directly decided in *Ludlow* v. *The New York and Harlem Rail Road Co.,* (12 *Barb.* 440.) And see *Wynne* v. *Wynne,* (2 *Man. & Gran.* 10 ; 40 *Eng. Com. L. Rep.* 237.)

The plaintiff's counsel, while he rather seems to concede that the condition is subsequent, insists that it was broken, and that the plaintiff, who is the grantee of the Messrs. Lawrence the grantors to the defendants, acquired all their rights and is entitled to recover the land. This right, he contends, even before breach and independently of any statute, was a "possibility *coupled with an interest,*" and assignable in equity or by devise, and *a fortiori* after breach. The case of *Jackson* v. *Waldron,* (13 *Wend.* 178,) cited by the counsel, does not, in my judgment, fully sustain his position. At all events it does not decide that such a right is assignable. It is true that Chancellor Walworth, in delivering his opinion in the court of errors, in that case, remarks, (*pp.* 194, 195) that " it appears to be finally settled, in England, that possibilities coupled with an interest, although not technically clothed with an estate in possession, reversion or remainder, are in the nature of *remainders,* and as such are devisable." Yet he adds, " it is still questionable by many of the English elementary writers, whether such estates are in fact assignable." And he proceeds to remark that it is said in a note to *Shelley's case* that where a possibility is coupled with an interest, " as where the person who is to take upon the happening of the contingency is fixed and ascertained, it may not only be bound by estoppel or contract, but may also be *released,* pass under the bargain and sale of

commissioners of bankrupts, or be devised, *though it cannot be granted or transferred by the ordinary rules of the common law.*" After a review of several cases cited, he comes to the conclusion that whatsoever is *devisable* may be *granted.* This conclusion, however, was not adopted by a majority of the court, and the judgment of the supreme court in that case was affirmed, against the opinion and vote of the chancellor. Senator Tracy, who delivered the leading opinion in favor of affirmance, makes the significant remark (*p.* 221 of the case,) " The rule seems to be now admitted that every interest or estate in land may be released to the terre-tenant, though it might not be grantable to a stranger. Thus if a man grants a limited fee, the possibility of reverter on the determination of the limited estate continues in him, but he cannot make a *valid grant of it* to a stranger, *though it is a possibility coupled with an interest.* He however can release it, and it seems to be the amount of the decisions in *Manning's case,* (8 *Coke,* 187,) and *Lampet's case,* (10 *Coke,* 46,) that a possibility coupled with an interest is not assignable, though it be releaseable," and, he finally adds, " descendible and devisable."

The cases cited in 5 *Pick.* 528, and 21 *id.* 215, 223, decide no more than that such an interest is descendible and devisable, but do not, as I understand, undertake to go the length of establishing the proposition that it is assignable. Besides, although the decisions in that state are here held as high authorities, yet when the adjudications of their courts come in conflict with those of our own state, (as will be found to be the case here, if they are considered as deciding the point contended for by the plaintiff in his favor) those of our own courts must prevail.

The chancellor, in the case of *Lawrence* v. *Bayard,* (7 *Paige,* 70, 75,) remarks that the revised statutes (1 *R. S.* 725, § 35,) have declared in express terms that expectant estates are *descendible, devisable* and *alienable,* in the same manner as estates in possession, and that by an examination of the several provisions of the revised statutes it will be seen that by the term *expectant estates* the legislature intended to include every present right or interest, either vested or contingent,

which may by possibility vest in possession at a future day, and that the mooted question whether a mere perpetuity coupled with an interest is capable of being conveyed or assigned at law, is therefore forever put at rest in this state." This decision was after that of *Jackson* v. *Waldron,* though that case came out of the court of errors in 1834, after the revised statutes took effect. The action, however, was commenced in 1828. But this court, in the case of *Nicoll* v. *The New York and Erie Rail Road Company,* decided in 1852, long after the revised statutes took effect, and since the decision in 7th Paige, have adjudged that conditions in a deed can only be reserved for the grantor and his heirs, and that a conveyance made by the grantor, to a third person, either *before* or *after* breach of the condition, will not carry with it a right to enter for a condition broken. The court say "conditions in a deed can only be reserved for the grantor and his heirs. . A stranger cannot take advantage of them. And the reason is that the estate is not defeated although the condition be broken, until entry by the grantor or his heirs, and nothing which lies in action, entry or re-entry can be granted over, in order to discourage maintenance." And the court further remark that " when a grant in fee has been made, depending upon a condition subsequent, no one can re-enter, on breach of the condition, except the *grantor or his heirs,* and a conveyance made by the grantor to a third person, before or after breach of the condition, will not carry with it a right to re-enter for condition broken. This rule, however, does not extend to leases in fee, reserving rents, nor to leases for life or years. (1 *R. S.* 747, §§ 23, 24, 25.) Kent, in his Commentaries, (*vol.* 4, *p.* 127,) lays down the same doctrine, which is supported in 1 *Cruise's Digest,* tit. 13, ch. 1, § 17, and same tit. §§ 53, 65. And see 1 *Saund.* 287 *d.* (*n.*) 16. 3 *Denio,* 334, 360. *Bacon's Abr. tit. Condition, E.* 1 *Wend.* 388, 395. 2 *Hill,* 491, 495. *Shep. Touch.* 158. 12 *Barb.* 440, 2, 3. The case then, in 12*th Barbour,* supported as it seems to be by abundant authority, if recognized as law, and it has not been reversed on appeal, is, it appears to me, decisive of the present.

But the counsel for the plaintiff insists that both the cases in *12th Barbour* are different in principle, and were both decided on a technical condition that unless the road was built within a short period the grant, in each case, should be void; recognizing, I suppose, the well established principle that conditions involving forfeiture are not favored in law, and "are construed strictly because they tend to destroy estates, and are odious." (4 *Kent,* 128, 129.) I am unable to discover the distinction sought to be taken, nor why the exact point was not raised and passed upon by the court in both those cases.

It is urged that the old rule forbidding such assignments *at law* was in aid of the policy of maintenance, which does not prevail here. In the case in 22d *Wendell,* 405, cited by the counsel, one of the members of the court of errors, in delivering his opinion, said it was insisted on the argument that the legislature had intentionally repealed all statutory provisions on the subject, except as to the buying and selling of pretended titles to land, yet he remarks, "I do not think, however, that agreements actually champertous, as where a stranger to the subject of litigation who has no interest therein in law or equity, or in expectancy, by the ties of *blood or affinity*, or who agrees to assist in embroiling his neighbors in litigation, or in carrying their suits through the different courts, can be enforced in courts of justice." In other words, the statute (2 *R. S.* 691, § 6) providing that no person shall buy or sell or in any manner procure, or make, or take any promise or covenant to convey any pretended right or title to property unless the grantor is in possession thereof, &c. is yet in full force.

I come to the conclusion that the effect of the omission to perform the condition by the defendant was to give the grantors, or in case of their death their heirs, the right of entry; but that no action can be maintained by the assignee, to recover the land, whether the breach was before or after the assignment; and that the court was therefore right in so holding at the circuit.

The remaining question which arises is, whether the plaintiff is entitled to recover damages *for breach of the condition.*

It will be proper, preparatory to entering into the consideration of this question,. to look at the complaint and ascertain what is the particular cause of action, and what relief is demanded. After setting forth the condition and the covenant to repair, the complaint avers that the defendant has not fulfilled the said covenants and conditions, on his part, in the said first mentioned deed contained, but on the contrary have not built or maintained a water-tight embankment or dam over the said ravine across the Loughbury brook, and according to the true intent and meaning of the said deed and of the said conditions and covenants thereof, but have hitherto wholly refused so to do. " And the said plaintiff further says that by reason of the failure of the said defendants to build and maintain the said water-tight embankment the said Lawrences were, previous to and up to the time of making the assignment, and the said plaintiff ever since the said assignment to him, has been deprived of the use of the said embankment or dam, and of the flood-gate and sluice-way therein, for hydraulic purposes, and also of the use of the water power and other rights and privileges," enumerating them, and concluding by averring that the Lawrences *before* and the plaintiff, *since* the assignment, have sustained damages by reason thereof to the amount of $10,000, and demanding that the said defendants be adjudged to have, broken the said condition, and also the said covenants on their part in the said deed contained," and that the estate may be forfeited and revert to the plaintiff, his heirs and assigns, and that he may recover the possession, " *together with the said damages* so as aforesaid sustained by the said Lawrences and assigned to the plaintiff, and also the damages so as aforesaid sustained by the plaintiff since the said assignment to him, with costs," &c.

It will be perceived that the whole gravamen of the complaint is, that the *condition to build* the dam was broken and a forfeiture claimed because thereof. No averment is made of a breach of the covenant to repair, or claim put forth for damages on that ground. It would have been deemed preposterous, probably, to have presented such a claim, when no dam had been constructed, to be repaired, and when the

whole burthen of the action was to recover the possession of the premises, for a non-performance of the very condition which must have been complied with, at least to such an extent as that the dam had been constructed so as to need repairs, which the defendants had neglected to make. The whole claim for damages is, as I understand the complaint, for losses sustained by the Lawrences and the plaintiff by reason of the failure of the defendants to build or construct a sufficient dam. This view brings us to the question, can the condition be construed into a covenant, so that the plaintiff can be entitled to maintain this action for a breach of such covenant? It was not seriously contended, I believe, upon the argument, that there was any express covenant in the grant, except the one to repair; and it has been seen that no damages can be claimed for a breach of that covenant, as none could in this case exist. And in the view I take of the question it is unnecessary to decide whether the defendants executed the deed or not; or whether it would be necessary, in order to sustain an action. It is sufficient, in my judgment, that the plaintiff neither sets up nor proves any *express* covenant. Nor do I think the condition can be construed into a covenant. The words are explicit, *creating a condition.* The intent of the parties must govern, and the rules as to ascertaining and determining that intent are the same as those relating to covenants. It was clearly the intent, as to the condition, that a forfeiture should accrue, in case of a failure to perform. It was a grant of the estate *only upon that condition.* The plaintiff has so treated it, not only in his complaint, but on the trial. He insisted at the circuit—on being required to elect whether he would claim a forfeiture of the estate, or damages for a violation of the covenant—that he was entitled to recover the *land* on the ground of a failure to *perform the condition* on which the grant was made; that the condition was both precedent and subsequent, and that for a breach an action could be maintained by the plaintiff as assignee of the grantors; and that if he was not entitled to maintain the action on that ground, he was entitled to recover damages for a violation of the condition and covenant. The court held

that he was not entitled to recover the land for a breach of the condition of the deed, and granted a nonsuit. The whole claim was on the ground of forfeiture, or damages for not complying with the condition to build, which the plaintiff sought for that purpose to construe into a covenant. I do not perceive, if he fails to establish the first claim, how he can sustain himself on the second. By insisting upon his claim of forfeiture, and to recover the land, he must waive the claim for damages for breach of the covenant, and cannot be allowed to pursue both remedies at the same time and in the same action. (9 *Paige*, 430.) Besides, it has been held that a condition in a deed when explicit words are used, creating such condition, will not be construed into a covenant, except to avoid a forfeiture. (1 *Hil. Abr.* 299. *Gray* v. *Blanchard*, 8 *Pick.* 284.) As before remarked, there is no express covenant. But it is argued that there is an express covenant to repair, which runs with the land. This, as a naked proposition, no one, probably, disputes. (*Norman* v. *Wells*, 17 *Wend.* 136, *and various other cases.*) But the difficulty here is, that the plaintiff does not seek, nor can he claim, to recover upon a breach of that covenant. He relies upon a breach of the condition alone, which it has been seen, cannot be construed into a covenant. But if it could, it would not, in my judgment, run with the reversion. The parties are now possessed of different interests. If I am correct in the former position I have taken, that by the assignment by the Lawrences to the plaintiff the condition was gone, and the defendants obtained an absolute estate, it follows that they are discharged from the condition and all damages for a breach of it. (*Shep. Touch.* 158. *And see Bleecker* v. *Smith*, 13 *Wend.* 530, 533.) The statute (1 *R. S.* 747, §§ 17, 18, 19) does not aid the plaintiff. The provisions of those sections only extend to covenants in leases reserving rents, for life or years, or in fee.

I pass to the only remaining question, which is, can the action be sustained upon the ground of an implied covenant? It has been shown that the condition was reserved to the grantors and their heirs, and did not include their assigns. That by the

assignment the condition was discharged forever. Being thus extinguished, how can it be revived, either as a condition or a covenant? It appears to me the whole right of action upon the condition is gone, so far as the plaintiff is concerned. But the statute (1 *R. S.* 738, § 140) declares that no covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not. This statute has received a construction, in the case of *Kinney* v. *Watts*, (14 *Wend.* 38,) in which the court say that the language is clear, concise and peremptory, that no covenant whatever shall be implied in any conveyance of real estate, and that there is no room for construction. (*And see* 8 *Paige*, 597, 599.)

In every view which I have taken of this case I can discover no ground upon which the plaintiff is entitled to recover, and I am of opinion that the motion to set aside the nonsuit and for a new trial, should be denied with costs.

New trial denied.

[SCHENECTADY GENERAL TERM, May 7, 1855. *C. L. Allen*, *Bockes* and *James*, Justices.]