WILLIAM W. KOUWENHOVEN and Others, Respondents, *v.* NEW YORK RAPID TRANSIT CORPORATION, PHILIP OVBERG, BENJAMIN COHEN, WILLIAM KELLER, WILLIAM PANAGAKOS and EAST 17TH STREET MEAT MARKET, INC., Appellants.

Second Department, February 6, 1939.

*Trabue Carswell,* for the appellant New York Rapid Transit Corporation.

*Herman Ovberg,* for the appellants Philip Ovberg and others.

*Alfred J. Talley* [*Gerard D. Evers* and *James A. McKaigney* with him on the brief], for the respondents.

PER CURIAM. The conveyance of 1878 from plaintiffs' ancestors to The Brooklyn, Flatbush and Coney Island Railway Company, predecessor of defendant New York Rapid Transit Corporation (hereinafter called the Transit Corporation), was by its terms a permanent easement (*Hudson & Manhattan R. R. Co.* v. *Wendel,* 193 N. Y. 166; *Crouch* v. *State of New York,* 218 App. Div. 356) and was subject to a condition subsequent (*Allen* v. *Trustees of Great Neck Free Church,* 240 App. Div. 206) by which it was " to revert to the said parties of the first part, their heirs and assigns whenever the same shall cease to be used as a railroad and for railroad purposes." Defendant Transit Corporation for a time used the entire premises for railroad purposes and from about 1908 continued to operate its railroad up to the time of the commencement of the action on about ninety-seven per cent of the property transferred in 1878. In 1908 defendant Transit Corporation leased the premises in controversy, being about three per cent of the entire plot, for purposes other than railroad purposes, for a term of three years with a right of cancellation on sixty days' notice. From 1911 to about 1920 defendant Transit Corporation leased this small parcel from time to time for other than its purposes, the exact terms not being disclosed. In 1920 there was a lease for a term of three years, but this was canceled by another lease for a period of ten years at a rental running from $850 a year to $1,600 for the last three years. The lessees were permitted to demolish and remove the frame building maintained on the leased premises and to erect, at a cost of $8,500, and maintain two one-story stores thereon in accordance with plans furnished

by the Transit Corporation. The use of the premises by the lessees was to be entirely free from interference with the maintenance and operation of the railroad. It was provided in the lease that if the Transit Corporation should require the premises for the reconstruction or alteration of the railroad or its appurtenances or for the maintenance and operation of the same, the lease might be canceled by giving the lessees ninety days' written notice. In 1922 the lessees constructed on the premises a brick building which is divided into two stores for business purposes in no way related to railroad use. In November, 1931, the Transit Corporation entered into a contract for the sale of the premises at a price of $100,000; the contract was approved by the Transit Commission in January, 1932; but, because of objections raised as to the ability of the Transit Corporation to convey good title, the vendee refused to take title and the contract was canceled. Then the Transit Corporation, in lieu of the sale, leased the premises to the vendee with the building thereon for a period of twenty-five years at a net rental of $6,000, beginning September 1, 1932, with the understanding that the use of the property by the lessee was not in any way to interfere with the maintenance or operation of the railroad. The premises were to be used for stores and for the sale of any lawful commodity. It was a term of the lease that if the Transit Corporation should desire possession for the purpose of extending, enlarging or altering its railroad or station facilities at Kings Highway, it might terminate the lease at the end of the fifth, tenth, fifteenth or twentieth year of the term on giving the lessee one year's previous written notice. All taxes were to be paid by the lessee.

The foregoing facts, contrary to the holding of the Trial Term, do not constitute an abandonment so as to work a reverter of the premises under consideration within the terms of the deed. (*O'Brien* v. *New York, New Haven & H. R. R. Co.*, 189 App. Div. 703; *Ritter* v. *Thompson*, 102 Ark. 442; 144 S. W. 910; *Kip* v. *New York Central Railroad Co.*, 140 Misc. 62; affd., 236 App. Div. 654; affd., 260 N. Y. 692; *Matter of City of New York* [*East 136th St.*], 127 App. Div. 672; *Roby* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 176; *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad Co.*, 104 Mass. 1; 2 Reeves on Real Property, § 718.)

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.

Findings of fact and conclusions of law inconsistent herewith are reversed and a new conclusion of law accordingly will be made. Settle order on notice.