Antoinette **BORNHOLDT** et al., Appellants,

v.

**SOUTHERN PACIFIC COMPANY**, a corporation, et al., Appellees.

No. 18535.

United States Court of Appeals Ninth Circuit.

Jan. 24, 1964.

LeRoy A. Broun and Bernard M. King, Fremont, Cal., for appellant.

Randolph Karr and Roy Jerome, San Francisco, Cal., for appellee.

Before POPE, MERRILL and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This is a diversity action removed from the Superior Court of Contra Costa County, California to the Federal District Court, pursuant to 28 U.S.C. § 1332.[1] Jurisdiction of the appeal is based on 28 U.S.C. §§ 1291, 1294(1).

Plaintiffs, heirs of the original owners of certain real property in the Walnut Creek area of California, seek declaratory relief quieting title against defendant Southern Pacific Company to all or a portion of the property at issue. In the alternative, plaintiffs ask damages for an alleged inverse condemnation.

Uncontroverted evidence adduced at trial by the judge, sitting without jury, shows defendant Railroad acquired the disputed property by deed dated August 6, 1890 from plaintiff's predecessors in interest. The property consists of a 100-foot strip of land immediately adjacent to the defendant's right-of-way known as the San Ramon Branch Line. Containing approximately 4.04 acres, this strip was acquired as a location for a railroad station. Defendant, shortly after acquisition, erected and has operated a station on this strip for well over half a century. Since the entire parcel was not required for station purposes the defendant granted leases to unused portions of the property from time to time.[2] These leases in no way obstructed or interfered with operations of the railroad. On September 23, 1952 defendant leased 1.139 acres of the disputed parcel to McDonald Products Co. for a term of five years. The lease contained no provisions for its earlier termination.[3] Use of the leased premises was confined to parking lot purposes. The Emporium Capwell Company is presently in possession by virtue of an assignment.

Fundamental to our consideration is a proviso in the conveyance which reads in pertinent part: "Provided that if ever party of the second part, or its successors, shall cease to occupy said premises for railroad purposes, then all of the right, title and interest herein conveyed shall revert to parties of the first part, their heirs or assigns."

The trial court found that, despite the lease, the property has always been devoted to railroad purposes and will continue to be so used. It further found that the forfeiture provision contained in the deed was intended to secure the benefit of accessible rail service to

---

[1]. The suit was removed prior to the amendment of § 1332 in 1958.

[2]. Examination of prior leases reveals each has provision for termination on short notice. Plaintiffs concede that such provision puts a lease for any purpose and for whatever period within the deed requirement. They therefore ceased dispute at trial as to a second parcel, not in contention here, that had such a provision. Apparently due to this concession, defendant no longer urged in the trial court that the deed requirement had been waived by virtue of plaintiffs' acquiescence in the prior leases.

[3]. This puts the case in its strongest posture for plaintiffs. In the court below defendant contended that General Order No. 69 of the California Public Utilities Commission made the lease terminable on short notice. By its express terms, said order applies to easements, licenses and permits. We do not believe that leases fall within its embrace. However, under the view we take of the case, it is unnecessary to extensively discuss the merits of this contention.

the surrounding property retained by grantors.[4] Other evidence established and the trial court found that the land was needed for future expansion of the railroad after expiration of the five year lease. The court below then concluded there had been no breach of the forfeiture provision.

Presented for decision is the question whether this non-terminable five year lease of a fractional portion of the original grant, which neither interfered with existing operations nor barred projected railroad expansion, constituted cessation of occupation of the property for railroad purposes so as to bring the forfeiture provision of the deed into operation.

A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. Cal.Civ.Code § 1442. Forfeitures are not favored so we must construe liberally in favor of the holder of the estate and strictly against forfeiture. Behlow v. Southern Pacific R. R., 130 Cal. 16, 62 P. 295 (1900). Where there are two possible constructions, one of which leads to a forfeiture and the other avoids it, the rule of law is well settled, both in the interpretation of ordinary contracts and instruments transferring property, that the construction which avoids forfeiture must be made if it is at all possible. Ballard v. MacCallum, 15 Cal.2d 439, 441, 101 P.2d 692, 695 (1940); Brant v. Bigler, 92 Cal.App.2d 730, 208 P.2d 47 (1949). These controlling principles bespeak a general legislative and judicial hostility to divesture of properties long held by grantees.[5] Various grounds are ascribed to defeat divesture in the cases. Some find a waiver,[6] often with few facts indicative of an intentional relinquishment of the right.[7] Others declare flatly that no breach has occurred.[8] Candor compels our confession that these cases appear to involve breaches but breaches best described as *de minimis* or merely technical in nature and therefore insufficient to revert the estate.

We believe the facts demonstrate substantial compliance with the deed condition under consideration. The trial court found the condition was inserted in the

4. The trial court therefore concluded that, because plaintiffs retained no interest in surrounding property, they lack standing to bring this action. Authority for that position is found in 19 Am.Jur. Estates § 91 at 553 (1939) where it is said:

"Where one conveys part of his land on condition subsequent that something be done which will benefit the rest of his property, a conveyance of the rest of his property is a waiver of the grantor's right to declare a forfeiture for breach of the condition subsequent."

Investigation of the primary authority claimed to support the text statement reveals no such rule. Merrifield v. Cobleigh, 58 Mass. (4 Cush.) 178 (1849) rested its decision on the ground that the plaintiff there had made no prior demand on the defendant so as to put him in default in performance of the deed condition. The court termed this finding decisive of the case. It merely mentioned that the trial court in that case had based its decision on a finding that the plaintiff had waived the condition by conveying the adjoining land. Underhill v. Saratoga Railroad Co., 20 Barb. 455 (N.Y.Sup.Ct.1855), held that an attempted conveyance of the possibility of reverter extinguished it. This was based on the common law doctrine of nonassignability of choses in action. This doctrine is no longer followed in California. Childs v. Newfield, 136 Cal.App. 217, 28 P.2d 924 (1934); Cal.Civ.Code, § 1046.

5. See Notes, Estates on Condition Subsequent—Extension of the Judicial Bias Against Forfeiture, 7 Hastings L.J. 101 (1955).

6. Goodman v. Southern Pacific Company, 143 Cal.App.2d 424, 299 P.2d 321 (1956).

7. Townsend v. Allen, 114 Cal.App.2d 291, 250 P.2d 292, 39 A.L.R.2d 1108 (1952); Notes, 27 So.Cal.L.Rev. 323 (1954).

8. Johnson Corp. v. Pacific Electric Railroad Co., 19 Cal.App.2d 306, 65 P.2d 368 (1937); See also Hasman v. Elk Grove Union High School, 76 Cal.App. 629, 245 P. 464 (1926); Booth v. Los Angeles County, 124 Cal.App. 259, 12 P.2d 72 (1932); Savanna School District of Orange County v. McLeod, 137 Cal.App.2d 491, 290 P.2d 593 (1955). But see Rosecrans v. Pacific Electric R. R. Co., 21 Cal. 2d 602, 134 P.2d 245 (1943).

deed to secure benefits for the surrounding lands which were then still retained by the grantor. A need of the property for future railroad expansion after the term of the lease was also found by the court. Comporting ourselves to the mandate of Rule 52, F.R.Civ.P. we are unable to say such findings are clearly erroneous. No one disputes that the major portion of this property has been used for railroad purposes for well over threescore years.[9] Plans produced at trial which were drafted before any threat of suit indicate defendant will continue and extend this use. In short, the foregoing circumstances show sufficient compliance with the deed condition.[10]

Appellants contend that the doctrine of partial reversion, recognized in Tamalpais Land and Water Co. v. Northwestern Pac. R. R. Co., 73 Cal.App.2d 917, 167 P.2d 825 (1946), should be applied here. Our opinion, while not wholly consistent with the doctrine, is not in fatal collision with it, inasmuch as our case is distinguishable on its facts. In Tamalpais, the railroad had initially used but later withdrew from the disputed portion. Abandonment was indicated because the railroad tore up and removed its tracks. No plans for future use of the premises by the railroad were shown. In the case at bar the defendant railroad has never used the disputed portion but rather has leased it periodically. It has never leased the disputed portion for so long a period as to make it unavailable for projected or anticipated needs. On the contrary, the railroad intends to utilize the contested parcel after the termination of the lease. The doctrine of partial reversion is based on the court's

desire to avoid forfeiture whenever possible and should only be applied when no other means of avoiding a forfeiture are possible. Quatman v. McCray, 128 Cal. 285, 60 P. 855 (1900); See Cal.Jur.2d, Covenants, Conditions and Restrictions § 77 at 86 (1954). The facts before us do not indicate this is a proper case for its application.

Under the view we take of the case, it is unnecessary to intimate any position on alternative grounds of affirmance set forth in the opinion of the District Court.

Affirmed.

---

9. 7 Hastings L.J., op. cit. supra note 5, at 106 suggests that a requirement of exclusive use must be written into the condition if the grantor intends that any other activity on the premises should work a reverter.

10. Kouwenhoven v. New York Rapid Transit Corp., Per Curiam, 281 N.Y. 811, 24 N.E.2d 485 (1939); Motion for Reargument Denied, 282 N.Y. 593, 25 N.E. 2d 147 (1940), affirming 256 App.Div. 253, 9 N.Y.S.2d 629 (1939); City of

Santa Monica v. Jones, 104 Cal.App.2d 463, 232 P.2d 55 (1951); Sheets v. Vandalia R. R. Co., 74 Ind.App. 597, 127 N.E. 609 (1920) which held erection and maintenance of railroad and depot for 65 years sufficient compliance with deed condition requiring permanent maintenance. The court refused to decree a breach when business exigencies made it necessary to close the depot and cease service. See 1 Tiffany, Real Property § 203 (3d ed. 1939).