Richard E. KELLEY, Marjorie E. Kelley, and Master Kraft Builders Corporation, a Colorado corporation, Plaintiff-Appellant,

v.

CITY OF LAKEWOOD, a municipal corporation, Klak, Inc., a Colorado corporation, and all unknown persons who claim any interest in the subject matter of this action, Defendants-Appellees.

No. 80CA0224.

Colorado Court of Appeals, Div. II.

April 8, 1982.

Banta, Hoyt, Malone & Banta, P. C., William K. Malone, Robert G. Wilson, Jr., Englewood, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Barbara S. Banks, C. Willing Browne, Denver, for defendants-appellees.

PIERCE, Judge.

Plaintiffs appeal from a judgment which denied their claim of reverter under a deed and which quieted title in one of the defendants, City of Lakewood. We affirm.

Plaintiffs, by deed, conveyed a 50 foot by 50 foot parcel of land to the City of Lakewood. The deed contained a reverter clause which provided that the City should own the land:

"So long as all or any portion of the above described land shall be used by the grantee herein or its successor or successors for a site for a police radio antenna or communications equipment, and at such time as the grantee herein or its successors or assigns *shall cease to use the above described property for any use except those enumerated herein*, then the title to this property shall revert to the grantor, their heirs, successors and assigns." (emphasis added)

There was also a right-of-way easement granted by a separate document to run power lines to the site, "so long as the subject tract is used as a police radio antenna and communications site . . . ."

The City duly accepted the deed, made arrangements to run a power line to the site, and built and maintained a police radio antenna and other communications equipment on the site and has continued those activities to the present time.

After setting up its initial equipment, the City found that its facilities were not adequate to cover all areas of the City. It then entered into a non-exclusive lease agreement with a privately owned radio station. The commercial station entered onto the property and constructed a larger facility with more powerful equipment and antennas that are used concurrently by the Lakewood Police.

Upon discovery of the lease to the commercial radio station, plaintiffs began this reverter action.

The trial court agreed with plaintiff and ruled that the reverter clause in the deed was ambiguous. We agree because it is not clear as to whether the emphasized portion of the reverter clause should have read "shall cease to use the above described property exclusively for the purposes enumerated herein."

The trial court then allowed extrinsic evidence as to the intent of the parties at the time of the execution of the deed as to whether they had intended that the use

of property be exclusively and solely for use by the City as a police radio station, and for no other use. The trial court heard the conflicting evidence on this issue and determined that the exclusive use of the property for a police radio station had not been agreed upon or contemplated by the parties. This factual determination will not be disturbed by this court. *Thiele v. Colorado*, 30 Colo.App. 491, 495 P.2d 558 (1972).

 The estate created by this deed is a fee simple determinable. *School District No. 6 v. Russell*, 156 Colo. 75, 396 P.2d 929 (1964). Here, where the trial court has made the factual finding that there has been no cessation of the specified use or purpose, and where the parties did not contract for exclusive use, an additional and different use of the property will not effect the determination or forfeiture so long as the specified use is continued. *Bornholdt v. Southern Pacific Co.*, 327 F.2d 18 (9th Cir. 1964); *Lawson v. Georgia S. & F. R.R.*, 142 Ga. 14, 82 S.E. 233 (1914).

The other allegations of error are without merit.

The judgment is affirmed.

BERMAN and STERNBERG, JJ., concur.