SOUTHWICK v. NEW YORK CHRISTIAN MISSIONARY SOCIETY et al.

(Supreme Court, Appellate Division, Fourth Department. May 15, 1912.)

1. DEEDS (§ 155*)—CONSTRUCTION—CONDITION SUBSEQUENT.

Plaintiff's ancestor conveyed the premises in controversy to the trustees of a church, the granting part of the conveyance providing that the land was designed for church purposes, and that it was understood and agreed that the seats should be forever free, and, if the seats should be rented or sold, then the premises should revert to the party of the first part or heirs. *Held* a condition subsequent, and that the title vested absolutely in the grantee subject only to be forfeited by a breach of such condition.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 488–495; Dec. Dig. § 155.*]

2. DEEDS (§ 153*)—CONDITION SUBSEQUENT—ENFORCEMENT.

A condition subsequent in a deed is not favored, but will be enforced when the language creating it is plain and explicit.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 482–486; Dec. Dig. § 153.*]

3. DEEDS (§ 160*)—CONDITION SUBSEQUENT—BREACH.

Where land was conveyed for church purposes by a deed containing a condition subsequent that the property was designed for church purposes, and that the title should revert if the seats in the church should be rented or sold and should not be free, such condition was broken by a removal of all the pews from the church, and by a lease of the premises to a school district, and the use of the property for school purposes without the holding of religious services therein.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 505–517; Dec. Dig. § 160.*]

4. DEEDS (§ 165*)—CONDITION SUBSEQUENT—"POSSIBILITY OF REVERTER."

Where a deed conveyed lands for church purposes subject to a condition subsequent that the title should revert to the grantor and her heirs if the seats in the church to be erected thereon should at any time be sold and not be free, the interest of the grantor and her heirs was a mere "possibility of reverter," which was only a personal right, and not an estate, in the land, so that, if the grantor or her heirs did not elect to assert the forfeiture for breach of the condition, the title remained unimpaired in the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 521; Dec. Dig. § 165.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. DEEDS (§ 156*)—CONDITION SUBSEQUENT—ENFORCEMENT—RIGHTS OF HEIR.
   Where a deed provided for reversion to the grantor or her heirs on breach of a condition subsequent, the right of the heir to enforce forfeiture of a condition does not pass to him by descent, but merely as a representative of the original grantor, and hence such right may neither be assigned to nor enforced by a stranger.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 496–499; Dec. Dig. § 156.*]

6. DEEDS (§ 168*)—CONDITION SUBSEQUENT—ENFORCEMENT BY HEIR—RIGHT OF RE-ENTRY—ACTION.
   Where, on the breach of a condition subsequent providing for reversion to the grantor or her heirs, the grantor was dead, her grandchild, who was an heir at law, had a right of re-entry and to commence an action to recover the premises, the commencement of which was tantamount to a re-entry.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 526–533; Dec. Dig. § 168.*]

7. DEEDS (§ 168*)—CONDITION SUBSEQUENT—FORFEITURE.
   Where a grantor's heir commenced an action to recover the property for alleged breach of a condition subsequent, she thereby elected to declare the condition forfeited.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 526–533; Dec. Dig. § 168.*]

8. DEEDS (§ 156*)—CONDITION SUBSEQUENT—FORFEITURE—RIGHT OF RE-ENTRY—ASSIGNMENT.
   Where a grantor conveyed property for a church building subject to a condition subsequent that the seats should always be free, and provided that, on a breach of the condition, the property should revert to her or her heirs, the right of re-entry of certain of the heirs on breach of such condition was assignable to one of them, though it was not assignable to a stranger, and, having been so assigned, the assignee in her own right was entitled to recover the entire property.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 496–499; Dec. Dig. § 156.*]

   McLennan, P. J., and Foote, J., dissenting.

Appeal from Special Term, Chautauqua County.

Action by Laura E. Southwick against the New York Christian Missionary Society and others. From a judgment adjudging that plaintiff was the owner in fee and entitled to the possession of the lands and premises described in the complaint, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Elijah W. Holt, of Buffalo, for appellant Missionary Society.
Clark A. Craine, of Buffalo, for appellant Church of Christ.
Louis L. Thrasher, of Fredonia, for respondent.

SPRING, J.   [1] In 1861 Laura Selleck conveyed the premises in controversy to the trustees of the Protestant Methodist Church of Fredonia, and the granting part of the conveyance contained the following:

"The above described land being designed for church purposes, it is under-stood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship. But if the seats of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the church to be erected thereon or any other church thereon shall be rented or sold then the said above described premises shall revert to said party of the first part or her heirs."

The grantor intended that the premises conveyed were to be devoted to church purposes, and that the church edifice, which was soon erected, was to be free to any and all persons who attended it for the purpose of worship; and, in the event that this main object of the grant was defeated and disregarded, the title of the grantees, or their successors in title, was to revert to the grantor, or her heirs at law, at their election. The title of the premises conveyed was absolutely vested in the grantees, subject only to be forfeited by a breach of the condition quoted; and the language employed, taken as a whole, constituted a condition subsequent. Upington v. Corrigan, 151 N. Y. 143, 154, 45 N. E. 359, 37 L. R. A. 794; Plumb v. Tubbs, 41 N. Y. 442; Munro v. S. L. S. & N. R. R. Co., 200 N. Y. 224, 93 N. E. 516, 21 Ann. Cas. 594; Gilbert v. Peteler, 38 N. Y. 165, 97 Am. Dec. 785; Cowell v. Springs Co., 100 U. S. 55, 25 L. Ed. 547; Nicoll v. N. Y. & Erie R. R. Co., 12 N. Y. 121; Osgood v. Abbott, 58 Me. 73, 78, et seq; 13 Current Law, p. 1288; Woodworth v. Payne, 74 N. Y. 196, 30 Am. Rep. 298.

[2] The authorities are uniform that conditions subsequent are not favored, because a forfeiture of an estate in fee follows their breach. If, however, the language is plain and explicit, creating such a condition, it will be enforced. As was said in Munro v. S. L. S. & N. R. R. Co., supra, 200 N. Y., at page 230, 93 N. E., at page 518, 21 Ann. Cas. 594, after stating the general practice as to such condition:

"When, however, the intention of the parties is so clearly expressed as to show that the enjoyment of the estate created by the deed was intended to depend upon the performance of a certain stipulation, it is held a condition, and not a covenant."

[3] In the present conveyance the purpose of the grantor is clear and unmistakable, and it is equally clear that there has been a violation of that condition. The court has found, and the evidence sustains the findings, that in 1906 the church society then occupying the edifice erected on the premises leased the same to a union free school district. The pews were removed, a partition erected through the middle of the audience room, and the building has been devoted since that time to school purposes, and no religious services have been held therein, and the pews have never been replaced. The condition is like any other clause in a deed not repugnant to the purpose of the grant, and it should be enforced. 74 N. Y. 196, 30 Am. Rep. 298, supra. When the clause in question was considered on a former appeal (Woodworth v. Payne, 74 N. Y. 196, 30 Am. Rep. 298), the church property had been conveyed to an individual in payment of a debt of the society, but the edifice was still used for religious worship, and the pews were free. It was consequently held that there was no breach of the condition. The court in considering the question now involved used this language at page 198 of 74 N. Y. (30 Am. Rep. 298):

"If by any means the object of the grantor was perverted from the purpose she had in view, or the church used or appropriated it for any secular or ir-

religious purpose, then a forfeiture would follow the act, and the land revert back to the heirs of the grantor."

And again at page 200 of 74 N. Y. (30 Am. Rep. 298):

"The fee of the land and the use of the pews are placed on a different footing. The former may be transferred, because such transfer is not forbidden, and is not inconsistent with either the purpose or the condition of the conveyance. If the pews are disposed of, the condition is violated, the grant becomes void, and the land reverts as provided."

It would seem, therefore, as if the Court of Appeals in construing the clause in controversy determined in that case that it was a condition subsequent, and if the edifice was devoted to other than religious purposes and the pews removed that such acts would constitute a breach of the condition, and the land would revert to the heirs of the grantor, if they elected to re-enter.

[4] Second. At the time of the breach of the condition mentioned the grantor was dead, and the plaintiff and three others were her only heirs at law, and by quitclaim deeds the three, aside from the plaintiff, attempted to transfer their interest in the premises conveyed to the plaintiff. The rule seems to be a general one that the interest of the grantor and her heirs at law is what has been termed "the possibility of reverter"; or, in other words, a mere personal right, and not technically an estate in the land. If this grantor or her heirs at law did not elect to avail themselves of the right of re-entry and to assert a forfeiture of the conveyance by reason of the breach of the condition, the title remained unimpaired in the grantee. In following out this rule, it has been held that the right is not assignable. Fowler v. Coates, 201 N. Y. 257, 94 N. E. 997; Upington v. Corrigan, 151 N. Y. 143, 153, 45 N. E. 359, 37 L. R. A. 794 et seq.; Towle v. Remsen. 70 N. Y. 303, 312; Nicoll v. N. Y. & L. E. R. R. Co., 12 N. Y. 121; 2 Reeves on Real Property, § 721 et seq.

[5] The philosophy of this rule seems to be that the right does not pass by descent, but the heir at law represents the original grantor, and consequently a stranger to the title is not her representative. As was said in Fowler v. Coates, supra, 201 N. Y., at page 263, 94 N. E., at page 998:

"The right to re-enter and to insist upon a forfeiture of the estate upon breach of such a condition can only be reserved for the benefit of the grantor and his heirs, and an assignee, as a stranger to the title, cannot take advantage of it."

And in Fonda v. Sage, 46 Barb. 109, 122, the court used this language:

"It seems to be well settled, upon abundant authority, that a condition in a conveyance can only be reserved for the benefit of the grantor of the estate and his heirs, and that no stranger can take advantage of the breach of a condition."

The inhibition against the assignability of the right of entry for the breach of a condition of this kind was early recognized in England, and for the reason that "under color thereof pretended titles might be granted to great men, whereby right might be trodden down and the weak oppressed." Coke on Littleton, 214a.

[6] The plaintiff in this action is not a stranger, but the grand-child and an heir at law of Laura Selleck, the grantor. She had the right to re-enter or to commence this action, which is tantamount to a re-entry. Plumb v. Tubbs, 41 N. Y. 442, 450.

[7] By so doing she elected to declare the condition forfeited. Before commencing the action she acquired the interest of the other representatives of the grantor.

[8] While the general rule, as already adverted to, is stated in explicit language, I find no case where the doctrine was laid down in which the assignment was by one heir at law to another. It seems to me that the facts in this case establish an exception to this general rule, which rests upon the proposition that strangers cannot be representatives of one responsible for a condition subsequent. If all the heirs at law assigned to a stranger so that their right to declare the title forfeited is gone, there is no one to represent the grantor. The right partakes of the characteristics of the title to land, passing by descent, only the exercise of election is confined to those who inherit. If, however, there is one heir remaining, he can as to his specific interest elect to determine the title in the grantees for violation of the condition. If the other heirs, instead of uniting with the plaintiff, prefer to transfer their rights to her, there is no infraction of the principle adverted to which debars a stranger from taking advantage of the breach.

Even if the conveyance by these heirs at law to the plaintiff did extinguish their right of re-entry for condition broken, it does not affect the plaintiff's right to recover the premises in their entirety. The right of re-entry is indivisible, and, if there is any one to represent the original grantor, that person can avail himself of the breach, and, if there are other heirs capable of enjoying the benefit with such person, the re-entry will be for the benefit of all. If for any reason the other heirs have lost their right, then the re-entry will be available solely to the heir at law who has not parted with the right.

As was said in Bouvier v. Baltimore & N. Y. R. R. Co., 67 N. J. Law, 281, at page 294, 51 Atl. 781, at page 786, 60 L. R. A. 750, at page 767:

"A right of entry for condition broken is inherently indivisible. An entry by one of two or more joint grantors would inure to the benefit of all, and it is obvious that an attempt to sever the joint right before entry would be ineffectual."

I think, therefore, the judgment should be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., and FOOTE, J., who dissent in an opinion by FOOTE, J.

FOOTE, J. (dissenting). The lands which are the subject of this action were conveyed by Laura C. Selleck November 15, 1861, to Almon Smith and five others as trustees in trust of the Methodist Protestant Church of Fredonia and their successors in office, for the consideration recited in the deed of $300. The land was then a vacant village lot. In this deed, immediately following the description of the land conveyed, is the following:

"The above described land being designed for church purposes, it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship, but if the seats of the church to be erected thereon or any other church thereon shall be rented or sold then the said above described premises shall revert to the said party of the first part or her heirs."

Then follows the habendum in the usual form, "unto the said parties of the second part and to their successors in office and assigns forever"; and then full covenants of warranty of title and possession.

The church edifice was erected and occupied by the Methodist Protestant Church, and on May 26, 1875, being in debt to an amount greater than it could pay, this church corporation, on obtaining leave of the court for that purpose, conveyed the property to its pastor, Oren C. Payne, to whom the debt was due, by deed containing the same conditions, except that for breach of the conditions the lands were to revert to said Methodist Protestant Church as party of the first part. Mrs. Selleck had died in 1862, leaving Lucius S. Woodworth as her only heir at law. Shortly after this deed to Payne, Woodworth, as heir at law of Mrs. Selleck, brought ejectment against Payne to recover the lands on the ground that they had been forfeited to him for breach of the condition in the deed from Mrs. Selleck, but it was held that the conveyance to Payne was not a breach (Woodworth v. Payne, 74 N. Y. 196, 30 Am. Rep. 298), and Woodworth failed in his action. On October 10, 1878, shortly after the final decision in the Woodworth Case, Payne conveyed the lands to George W. Lewis by warranty deed containing the same conditions, except that the lands were to revert to Payne as party of the first part.

On August 20, 1880, George W. Lewis and wife conveyed part of the premises to the defendant the Church of Christ, and on November 11, 1885, the remainder of said premises. Each of these deeds contained the following provisions and conditions:

"The premises above conveyed, being designed for church purposes; this conveyance thereof is made by the grantor and accepted by the grantee upon the following conditions, that is to say: First: That the seats in the house of worship now standing thereon and the seats in any other house of worship that may, at any time hereafter be erected thereon shall be forever free for the use of any and all persons to occupy, who shall choose to attend religious services therein; but if the seats in the house of worship now standing on said premises, or the seats in any other house of worship that may, at any time hereafter be erected thereon, shall be rented or sold, then the said premises shall revert to and become the property of the party of the first part, his heirs or assigns. Second: That the party of the second part shall have and hold the said premises for the use of the religious society known and organized under the laws of the State of New York, as the Church of Christ, in Fredonia, aforesaid, and now occupying, for the public worship, the building standing thereon, and if the said society shall at any time be dissolved or shall discontinue public worship therein for the space of three years, then the said premises shall become the property of the New York Christian Missionary Society, to be taken, owned and used by said last named society, under the restrictions in relation to perpetual free seats hereinbefore contained."

The defendant the Church of Christ maintained religious services in the church building on these premises until in or about the month of August, 1906, when it made a written lease of the building to the

trustees of Union free school district No. 8 for school purposes. The church pews were then removed to the basement, one or more partitions were put in and school seats and desks, and the building was used on week days for this district school for upwards of 3½ years, and since December, 1906, until the commencement of this action on March 4, 1910, no church or religious services of any kind have been held in the building or on the premises.

On the 25th of January, 1910, the defendant the New York Christian Missionary Society, claiming to have become the owner of the premises for breach of the conditions in the deed from Lewis to the defendant the Church of Christ, entered into a written contract for the sale of said premises to the defendants Colvin, Cowden, and Lowell, who were acting in such purchase for Fredonia Grange No. 1, Patrons of Husbandry. This contract was, however, subsequently canceled by the parties after the commencement of this action and before the trial.

The trial court has found that the premises have ceased to be used for church or religious purposes, and that they have been devoted to other than church or religious purposes.

Lucius C. Woodworth died in the month of August, 1880, leaving the plaintiff and two other children and two grandchildren as his only heirs at law. One of these children died without issue before the commencement of this action, and the other on December 17, 1909, and the grandchildren on February 14, 1910, conveyed by deed to plaintiff all their rights and interests in the premises in question. Oren C. Payne and Fanny, his wife, died before the commencement of this action, leaving the defendants Willoughby, Reeves, Dolphin, and Shaw as their only heirs at law. George W. Lewis died before the commencement of this action, and his heirs at law are defendants herein. On these facts, the learned trial court below has held as conclusions of law that the conditions contained in the deed from Mrs. Selleck to the trustees of the Methodist Protestant Church were broken, and that by reason of such breach the title has reverted to the heirs of Mrs. Selleck, that the deeds from the other heirs of Mrs. Selleck to the plaintiff are sufficient to convey to the plaintiff the right of re-entry, arising from the breach of said conditions, and that the plaintiff is entitled to recover the premises in fee as the owner thereof.

I think the decision below should be reversed, and dissent from the prevailing opinion for the following reasons:

The decision below seems to have been based upon the language of the opinion of Judge Miller in Woodworth v. Payne. The precise question before the court in that case was whether the deed of these lands by the Methodist Protestant Church to Payne, who had been its minister, in satisfaction of its indebtedness to him, upon the same conditions, was a breach of those conditions. It was held that the use and occupancy of the church was not intended to be limited to any particular denomination of Christians, and that there had been no abandonment or misappropriation of the property in contravention of the design of the grantor, and that a sale of the whole property was not a sale or rental of the pews within the intent of the deed,

that the pews still remained free and nothing had been done to interfere with or prevent their use and occupation as such or to convert the property to any other than church purposes. In the course of the opinion, however, this language is used:

"If by any means the object of the grantor was perverted from the purpose she had in view or the church used or appropriated it for any secular or irreligious purpose, then a forfeiture would follow the act and the land revert back to the heirs of the grantor."

It is upon this sentence from the opinion that plaintiff relies. The question was not involved in that case. There had been no appropriation of the property to any secular or irreligious purpose; hence what was said on this subject was by way of argument or illustration and was not a part of the judgment.

The clause of Mrs. Selleck's deed, "but if the seats of the church to be erected thereon or any other church thereon shall be rented or sold then the above described premises shall revert to said party of the first part or her heirs," is no doubt, a condition subsequent. The clause, "it is understood and agreed that the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship," standing by itself, would be construed as a covenant, and not a condition. The statement, "the above described land being designed for church purposes," is, by itself, neither a condition nor a covenant. The question is whether the joining of all these statements in one sentence requires an interpretation or indicates an intention that they are each a part of the condition for breach of which the title is to be forfeited.

The rule for interpreting conditions in deeds is thus stated in 2 Reeves on Real Property, p. 1010:

"The law does not favor conditions; and, where the phraseology employed by the parties is doubtful or reasonably susceptible of some other interpretation, it will not be decided that an estate on condition has been brought into being."

In Freer v. Glen Springs Sanitarium Co., 131 App. Div. 352, 115 N. Y. Supp. 734, lands had been conveyed to the village of Watkins by deed, which contained these provisions:

"In perpetuity for the purpose of a village cemetery, and it is hereby mutually understood and agreed that all the above described reservation shall be used for burial or cemetery purposes only. * * * To hold the said lands and premises to the said party of the second part in perpetuity for the purposes and upon the conditions herein expressed. * * * And the said party of the second part is hereby directed and required as a condition of this conveyance to devote said premises thus conveyed to the purposes of a cemetery or place for the burial of the dead and to no other purpose forever. * * * And said party of the second part does hereby accept the above grant for the purposes herein stated, and by such acceptance does hereby agree and covenant in consideration of the premises that it will faithfully observe and carry out according to the true intent and meaning hereof each and every of the aforesaid requirements, conditions and directions subject to which this conveyance is given."

It was held that it was a covenant, and not a condition subsequent, and that the land was not forfeited by the conveyance of a portion of the land by the village to a purchaser for other than cemetery pur-

poses. This case was affirmed in the Court of Appeals, 198 N. Y. 575, 92 N. E. 1085.

In Board of Education v. Reilly, 71 App. Div. 468, 75 N. Y. Supp. 876, where lands conveyed to the trustees of a school district, their successors and assigns by deed containing the following habendum clause, "to have and to hold the above granted, bargained and described premises, with the appurtenances unto the said parties of the second part their successors and assigns, for the uses and purposes of school district No. 10, of the said town of Greenburgh, upon which to erect a school house and other appurtenances for said school district No. 10, in said town of Greenburgh, forever," it was held that the trustees acquired a title in fee simple absolute, and that the clause did not create a condition, a covenant or a restriction, and that it was simply a recital of the purpose for which the trustees bought the property.

In Abbott v. Curran, 98 N. Y. 665, it was held that the deed which contained the recital, "that the grant was made for commercial purposes only and for the benefit of commerce," was not a conveyance upon condition. In view of this state of the authorities, I think this deed should be construed as containing a condition subsequent in respect only to a sale or leasing of the seats in this church, as it was for this only that the grantor reserved the right to forfeit the title, that the statement that the land described was designed for church purposes is neither a condition nor covenant, and the statement that "the seats therein shall be forever free for the use of any and all persons to occupy in the capacity of worship" is at most a covenant, the breach of which would not forfeit the title. There has been no sale or leasing of the seats within the intent and meaning of the condition in respect thereto. I think the grantor did not have in mind or intend that there should be any forfeiture of the title, unless while a church building was maintained on this property money should be exacted from persons attending religious services therein.

But, if it were otherwise, I think plaintiff's right is limited to the undivided interest which she has as heir at law, and that the conveyance to her by the other heirs is ineffectual to vest in her any right of action which they may have had for their undivided shares. The possibility of forfeiture or reverter arising from a condition subsequent in a deed in fee is not an interest in land, and is not assignable. It may be reserved for the benefit of the grantor, or his heirs, as was done here, but that this right cannot be assigned or transferred by the grantor, either before or after breach, is settled by abundant authority. Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794; Fowler v. Coates, 201 N. Y. 257, 94 N. E. 997. See, also, 2 Reeves on Real Property, §§ 721, 722. Nor is there any greater right in the heirs of the grantor after his decease to assign or transfer this right. Moreover, the effect of an attempt to convey by the grantor, or after his decease by the heirs or any of them, though ineffecual as a grant, operates to put an end to the right and practically to release it to the holder of the title. I quote as follows from the opinion of Mr. Justice Williams in Berenbroick v. St. Luke's

Hospital, 23 App. Div. 339, 48 N. Y. Supp. 363, a case involving this precise question:

"It is well settled that where a deed of property in fee is made, with a condition subsequent imposed and a right of re-entry reserved to the grantor, the right of re-entry is a mere right in action, and not an interest in the land; that it is not assignable nor grantable; that it descends to the grantor's heirs, but does not pass by a conveyance. And any deed by which the original grantor or his heirs undertakes to transfer, assign, or grant the land or the reversion of it while it may be ineffectual to convey title to the grantee does operate to put an end to the rights of the grantor."

It follows that the deeds of the several heirs to the plaintiff were not only ineffectual, but extinguished or released to the owners of the fee their rights, leaving plaintiff a right only in respect to plaintiff's undivided interest.

For the reasons stated, I think the judgment appealed from should be reversed and a new trial ordered.

McLENNAN, P. J., concurs.