Maria A. O'Brien, Respondent, v. The New York, New Haven and Hartford Railroad Company and The Harlem River and Port Chester Railroad Company, Appellants.

First Department, December 5, 1919.

Real property — ejectment — condition subsequent — reverter if lands conveyed cease to be used for certain railroad purposes — use of portion of lands for railroad purposes not specified — when no reversion of title.

Although a deed conveying land to a railroad corporation contained a condition subsequent providing that the " land shall be used for railroad purposes, to wit: *for the purpose of a Passenger and freight depot and depot grounds and for the approaches thereto* and in case at any time hereafter the premises shall cease to be used for the purposes aforesaid then the title thereto shall revert to the said parties of the first part their heirs and assigns," there is not a forfeiture of title which can be asserted in an action of ejectment brought by an heir of the grantor because the grantee and its successor has erected storehouses on the property together with power houses and other buildings used in the operation of the railroad, if in fact it still uses a portion of the premises for the express purposes mentioned in the deed.

While the defendant railroad company exceeded its authority in erecting the other structures on the land, the plaintiff's remedy is not by injunction as there is no reverter until the premises cease to be used for the purposes for which they were conveyed.

Appeal by the defendants, New York, New Haven and Hartford Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of December, 1918, upon the verdict of a jury, as amended by an order of the Supreme Court entered in said clerk's office on the 6th day of January, 1919, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Charles M. Sheafe, Jr.,* for the appellants.

*Theodore M. Crisp* of counsel [*W. Benton Crisp* with him on the brief; *Crisp, Randall & Crisp,* attorneys], for the respondent.

Merrell, J.:

This action was brought by the plaintiff, Maria A. O'Brien, in ejectment, to recover possession of a strip of land 800 feet long and 100 feet wide at the railroad station on the line of the Harlem River and Port Chester railroad in the county of Bronx, city of New York.

It is alleged by the plaintiff, and she has recovered upon the claim, that she is entitled to the possession of the parcel in question as the result of forfeiture arising from the violation by the defendants of a condition subsequent under a deed of said parcel whereby the same was granted to the defendant, the Harlem River and Port Chester Railroad Company, by plaintiff's father, one Patrick Dunican, and his co-owner, one John Halloran, in 1873. The action was tried at Trial Term before the court and a jury, and at the close of the evidence the learned justice presiding upon the trial held that the plaintiff was entitled to the immediate possession of an undivided one-sixth of the parcel in question and directed a verdict in favor of the plaintiff awarding her the possession thereof, and submitting to the jury the sole question of the amount of damages to be awarded to plaintiff for withholding from her the possession of the land. In accordance with such direction the jury returned a verdict awarding the plaintiff the possession of the undivided one-sixth of said premises, deducting a 100-foot strip occupied for public highway purposes, and assessed plaintiff's damages at the sum of $666.67. Counsel for the defendants moved to set aside the verdict upon the grounds stated in section 999 of the Code, which motion was denied, and judgment was thereafter entered in favor of plaintiff and against defendants, awarding to plaintiff the possession of an undivided one-sixth of said premises, together with the sum of $666.67, damages for withholding the same, and for the costs of the action. From said judgment and order the defendants bring this appeal.

The land in question was a part of a tract of 104 acres conveyed to plaintiff's father, Patrick Dunican, and to John Halloran, by deed from Thomas Tone, bearing date May 1, 1873. By said deed Tone conveyed to the grantee Halloran therein named an undivided two-thirds of the said 104-acre parcel, and to plaintiff's father an undivided

one-third thereof.   Thereafter, and on or about June 20,
1873, by deed dated on that day, Halloran, owning an undi-
vided two-thirds interest, and plaintiff's father, Patrick
Dunican, owning an undivided one-third interest, conveyed
the strip of land in controversy in this action to the defendant
Harlem River and Port Chester Railroad Company.   The
portion thus conveyed was described as running along the
southerly boundary line of the railroad right of way of the
defendant company.   The deed contained the following
condition and restriction defining and limiting the use by the
grantee of the parcel conveyed:

"To HAVE AND TO HOLD all and singular the above
mentioned and described premises, together with the appurte-
nances, unto the said party of the second part, their successors
or assigns, forever, but only on the condition that the above
described land shall be used for railroad purposes, to wit:
*for the purpose of a Passenger and freight depot and depot
grounds and for the approaches thereto* and in case at any time
hereafter the premises shall cease to be used for the purposes
aforesaid then the title thereto shall revert to the said parties
of the first part their heirs and assigns."

Halloran and Dunican, having conveyed this parcel to the
railroad company for the purposes mentioned and defined in
said deed, thereafter proceeded to divide up the remainder of
their tract into building lots having a frontage of twenty-
five feet to each lot, and thereafter sold and disposed of the
same.   It appears that in the conveyance thereafter made
by Halloran and Dunican, the grantors expressly reserved the
aforesaid parcel theretofore sold and conveyed to the defend-
ant.   Since receiving title to the tract in dispute herein, the
railroad company has occupied said premises for various
purposes.   It erected thereon a passenger station, and it also
erected at or near the easterly end of the 800-foot strip of
land a two-story frame building, now used as a storehouse.
It also erected on said premises westerly of the storehouse
a one-story frame building originally intended to be used as
a power house for generating electricity to be used in raising
and lowering a nearby drawbridge.   It appeared at the time
of the trial that the power house was not in use for the

purpose for which it was built, but was then used for storage purposes. Still further west and near the southerly boundary of the strip, the defendant erected a one-story sheet-iron shop. It also erected a hydrant and hose building. Still further west another storehouse was erected by the defendant on said premises, and a small toolhouse and other structures in addition to the passenger station were erected by the defendant upon the premises in controversy. The defendant also laid near the northerly portion of the premises conveyed to it by Halloran and Dunican its two express tracks, one of said tracks extending the entire length of the 800-foot strip, and the other laid upon said strip for a distance of approximately 600 feet. These tracks were used for express trains upon the line of the defendant's railway and are laid near the northern boundary of the property in question. Another railroad track, used as a siding, was laid by the defendant from the easterly end of the tract about halfway across its entire length toward the west. It does not appear that the defendant ever erected a freighthouse or freight depot upon the premises in question.

It is the contention of the plaintiff and upon which she has obtained judgment ejecting the defendant from said premises that such use of the property as was made by the defendant exceeded the purposes for which the premises were conveyed. The evidence shows that the passenger station erected on the premises by the defendant was at the time of the trial in active use. The plaintiff asserts that by using the premises for the laying of tracks of defendant's railway, for the erection of various buildings, in addition to the passenger depot, the defendant exceeded its authority under the deed which it received from plaintiff's father and his co-owner, Halloran, and plaintiff seeks to avail herself of the reversion clause contained in said deed, that the premises should " revert to the said parties of the first part their heirs and assigns," because the premises in question had ceased to be used for the purposes mentioned in said deed.

The appellant claims, on the other hand, that the premises were conveyed generally for railroad purposes, and that in laying its tracks and making the erections complained of on the property the defendant was at all times within its rights

and has used the premises for " railroad purposes " as defined in the deed which it holds. The appellant contends that the general railroad purposes for which the property was deeded were not restricted by the subsequent provision in the deed that the conveyance was " for the purpose of a passenger and freight depot and depot grounds and for the approaches thereto." The appellant further claims that the laying of defendant's express tracks arose from a necessity incidental to the growth of defendant's business, and that the laying of the freight siding on the parcel was likewise required by the increasing demands put upon the defendant railroad company, and that as to the latter an extension thereof had been necessitated owing to the increased traffic arising from war conditions. Defendant also contends that many of the erections upon the property were necessitated by the requirements of law growing out of the electrification of the railroad, pursuant to the requirement of the statute. (See Laws of 1903, chap. 425, as amd.)

In making the erections complained of, to some extent, at least, the appellant clearly exceeded any right or authority conferred by said deed. It was the plain intent of the grantors to convey to the defendant, appellant, the premises in question upon the condition that the land should be used for the railroad purposes expressed in the deed, to wit, for the purpose of a passenger and freight depot and depot grounds and for the approaches thereto, and it would seem that any use of said land by the defendant, appellant, other than for the purposes in the deed specifically prescribed, was unwarranted and in excess of the rights granted to it by the deed in question. By no possible stretch of imagination can it be said that to the defendant, appellant, was granted the right to erect storehouses, machine shops, power houses, and other buildings which it appears have been built thereon since defendant obtained title to the land in question. Nor would it seem that the defendant was authorized to lay its railway tracks thereon. However, it is not necessary upon this appeal to determine whether or not the defendant railroad company exceeded its authority in making such erections. The question here is whether, under the deed to defendant, the premises conveyed have ceased to be used for the purposes

contemplated, so that title has reverted to the original grantors and their heirs. Concededly the grantee has used said premises, or a portion thereof, for some of the purposes expressly mentioned in the deed, to wit, for the purpose of a passenger depot and depot grounds and for approaches thereto, and for such purposes is still using the lands conveyed by plaintiff's ancestor and his cograntor.

Respondent's position is, and the court has held, that by the unwarranted erections on the land the grantee forfeited all right thereto. I am unable to see the force of such contention. It does not seem to me that by reason of doing more than it was permitted to do under its deed, the defendant necessarily forfeited title to the premises. The deed provided that " in case at any time hereafter the premises *shall cease to be used for the purposes aforesaid,* then the title thereto shall revert to the said parties of the first part their heirs and assigns." In other words, it was the plain intent of the parties that when the premises should cease to be used for the purpose of a passenger and freight depot and depot grounds and for the approaches thereto, then the premises should revert to the grantors, their heirs and assigns. Such a contingency has not, as yet, arisen, as the premises are still occupied by the grantee for its passenger depot and depot grounds and for the approaches thereto.

I think the plaintiff has entirely mistaken her remedy, and that under existing conditions ejectment will not lie. The premises have not as yet ceased to be used for some of the purposes described in the deed, and until the premises have ceased to be used for such purposes there can be no reversion of title.

The judgment and order appealed from should be reversed, and plaintiff's complaint dismissed, with costs.

Clarke, P. J., Laughlin, Smith and Philbin, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.