ANGUS A. CARRUTHERS and Another, Appellants, *v.* RUSSELL SPAULDING and Another, Respondents.

Fourth Department, November 9, 1934.

*Maurice F. Lane*, for the appellants

*Fred G. Dutton* [*Carleton E. Reiffenstein* of counsel], for the respondents.

SEARS, P. J.   The plaintiffs in February, 1928, being the owners of about eighteen acres of land in the town of Onondaga in Onondaga

county, conveyed to the defendants by warranty deed a building lot in the tract consisting of about one hundred and seventy-three one-thousandths of an acre. The consideration paid by the defendants for the lot was $600. The deed contained the following language: " Within three years from this date the party of the second part, his executors, administrators or assigns, shall erect a dwelling house on said premises, to cost not less than five thousand dollars ($5,000.00), and no garage on said premises, after said date shall be used as a place of residence.

" The foregoing conditions and restrictions are for the benefit of the entire tract, of which this lot forms a part, and upon failure to observe any, or all, of said conditions and restrictions, the title of the lot hereby conveyed shall revert to the parties of the first part, their heirs, executors, administrators or assigns."

The parties had previously entered into a contract for the sale which was dated September 2, 1927, and contained no provisions which could be construed to provide for a condition subsequent, but did contain the following: " Said premises are subject to the following restrictions: The front wall of any building erected thereon shall be thirty (30) feet from the street line, and no store or place of business shall be conducted on said premises, and no house costing less than $5,000.00 shall be erected thereon. The restrictions are inserted for the benefit of the tract of which this lot is a part."

In March, 1928, the defendants built a structure on the lot which was intended to be used ultimately as a garage, but which has been used as their residence ever since its completion. No other building has been erected. Plaintiffs' action was begun on March 1, 1932, after there had been a clear breach of the quoted provisions of the deed. Plaintiffs have brought this action, not for ejectment or for re-entry, but for a judgment to the effect " that the said deed to the defendants be declared invalid, void and set aside, and that said deed be adjudged cancelled of record and that plaintiffs have such other and further relief as to the court may seem proper, together with the costs of this action." The parties have treated this action as an equitable one for the cancellation of a deed, trying it at Special Term. The question litigated was whether the provisions of the deed which have been quoted constituted a condition subsequent as claimed by the plaintiffs, or a covenant merely as claimed by the defendants.

The plaintiffs' practice is improper. If we assume that the quoted clause in the deed constituted a condition subsequent, upon breach, the plaintiffs had a right of entry for condition broken. This right could be enforced, if legal action prove necessary, by

an action of ejectment. (*Palmer* v. *Fort Plain & Cooperstown Plank Road Co.*, 11 N. Y. 376; *Plumb* v. *Tubbs*, 41 id. 442; *Trustees of Union College* v. *City of N. Y.*, 173 id. 38.) The estate granted by the deed is not terminated until there is re-entry. (*Southwick* v. *N. Y. Christian Missionary Soc.*, 151 App. Div. 116; affd., 211 N. Y. 515; *People* v. *Wainwright*, 237 id. 407.) In the present case there was no re-entry by peaceable means and the complaint does not in terms seek a re-entry.

We go further, however, and hold that despite the language seeming to provide for a re-entry, the provision of the deed must be construed as a covenant rather than as a condition. A condition is not for the benefit of other land. Its benefit does not run with any land. It is a right reserved to the grantor and he and his heirs alone can enforce a forfeiture by re-entry. It is not an estate, nor an interest in real property, nor an assignable chose in action. (*People* v. *Wainwright, supra; Upington* v. *Corrigan*, 151 N. Y. 143; *Fowler* v. *Coates*, 201 id. 257; *Towle* v. *Remsen*, 70 id. 303.) The declaration in the deed that " The foregoing conditions and restrictions are for the benefit of the entire tract, of which this lot forms a part " is consistent only with the construction of the language as an equitable restriction resulting from a covenant. (*Graves* v. *Deterling*, 120 N. Y. 447; *Post* v. *Weil*, 115 id. 361.) The provision for reverter points to an intention to impose a condition. (*Trustees of Union College* v. *City of New York*, 173 N. Y. 38; *Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 id. 224.) In this situation surrounding circumstances must be considered. The contract contained no provision for re-entry, and clearly contemplated merely a covenant. No discussion of the variance between the contract and deed occurred between the parties at the time of the execution of the deed. The deed was prepared by the plaintiffs or their lawyers seemingly in compliance with the contract and was handed to the defendants for inspection. No new consideration was given for any new rights, nor for a change purporting to turn a covenant into a condition. We find sufficient ambiguity in the deed to require construction, and on all the evidence reach the conclusion in accordance with the decision at Special Term that the language imposes a covenant upon the grantees and does not authorize a re-entry by the grantors.

The judgment should be affirmed, with costs.

All concur, THOMPSON, J., in first ground mentioned in the opinion only. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment affirmed, with costs.