Cabltoh A. Fishes, J.
This is a proceeding brought by the City of Buffalo to condemn a part of Days’ Park for educational and recreational purposes for the Board of Education of the city and for street purposes for the city.
This is an application for a preliminary order of condemnation under section 375 of the Charter of the City of Buffalo as amended by chapter 527 of the Laws of 1929.
The defendants question the legality of this proceeding since this is a proceeding under the general statutes, the applicable provisions of the charter of the City of Buffalo, to condemn property already dedicated to a public use, that is a public park. They maintain that such property may be condemned only under a special statute authorizing such procedure. This contention is supported by numerous decisions. (Matter of City of New York [Newport Ave.], 218 N. Y. 271, 276-277; New York Cent. & Hudson Riv. R. R. Co. v. City of Buffalo, 200 N. Y. 113, 117-118; Matter of City of New York [Saratoga Ave.], 226 N. Y. 128, 134-135; Suburban R. T. Co. v. Mayor of City of New York, 128 N. Y. 510, 522; Hudson Riv. Regulating Hist. v. Fonda, Johnstown & Gloversville R. R. Co., 249 N. Y. 445, 454-455; Matter of City of Buffalo, 68 N. Y. 167, 171; Matter of Mayor [East 161st St.], 52 Misc. 596, 599, affd. on opinion below 135 App. Div. 912, affd. without opinion 198 N. Y. 606; Matter of Central Parkway, 140 Misc. 727.)
The foregoing rule which applies to municipalities and public service corporations does not operate when the taking is by *16 the State or an agency thereof. (Matter of Grade Crossing Elimination Act [Altamont], 234 App. Div. 129, 130-131, motion to dismiss appeal granted 259 N. Y. 564; People v. Adirondack Ry. Co., 160 N. Y. 225, 237-238, affd. 176 U. S. 335; Adirondack Ry. Co. v. Indian Riv. Co., 27 App. Div. 326, 331-332.)
The latter exception to the general rule hereinabove stated is of no avail here.
The defendants, however, maintain as hereinafter shown that the land for the park was conveyed to the City of Buffalo on conditions, and that one of these conditions has been breached by the city and that by reason thereof the land has reverted to them as heirs of the grantors. If, as they maintain, the land was vested in them before this proceeding was commenced, it would seem to follow that the land was not being used for a public purpose at that time and that this proceeding should be maintainable under the charter provisions. In this connection, though the defendants claim that the conditions in the conveyance are conditions subsequent, they make no claim that they made re-entry upon the property after the breach either by actual entry or by the commencement of an action of ejectment against the city.
Days’ Park in the city of Buffalo was created by a conveyance dated May 7, 1859, of property described therein by Thomas Day and Mary Day. The deed recites the acceptance by the Common Council of the City of Buffalo of the proposition submitted by Thomas Day for the conveyance of the property to the city for park purposes upon the conditions stated in the deed. The deed provides for the conveyance of the property described and “ all the estate, right, title, interest, claim or demand whatsoever of the said party of the first part, either in law or equity of, in and to the same, to be used," occupied, improved, dedicated and enjoyed by the said party of the second part as and for a Public Park and to be known as and called ‘ Days Park ’ forever. Provided, nevertheless, that if the said piece of land hereby granted and conveyed shall at any time hereafter cease to be used as and for a Public Park or shall be designated or named by the said party of the second part by any other name than ‘ Days Park ’, then and in such case, this grant' and conveyance shall cease and be null and void. And the right, title and interest of said party of the second part in and to the premises hereby granted and conveyed shall cease and the same shall revert to the party of the first part his, hers and their heirs and assigns, the same as if this grant and conveyance had not been made.”
*17 Several of the defendants have appeared in the proceedings and two answers on their behalf have been filed. In each it is stated that the city has breached the conditions of the deed and that the property has reverted to the heirs of the grantors. In both answers it is alleged that the commencement of this proceeding constituted a breach of the conditions of the deed and caused a reversion of the property to the heirs of the grantors. In one of the answers it is also alleged that the city has been using the land in the park for other than a public park; that it has been using* it for a parking* area for its own vehicles and for the motor vehicles of the general public and that it has ceased to use the land as and for a public park as contemplated by the grant thereof to the city. The other defendants make the same claim in their notices of appearance.
As to the first contention, the law seems clear that the institution of this condemnation proceeding by the city did not cause a reversion of the property to the heirs of the grantors. (Carter v. New York Cent. R. R. Co., 73 N. Y. S. 2d 610, 613-614, affd. without opinion 273 App. Div. 884, affd. 298 N. Y. 540; First Ref. Butch Church v. Croswell, 210 App. Div. 294; motion for leave to appeal dismissed 239 N. Y. 625; Matter of City of New York [Public Park], 265 App. Div. 875, affd. without opinion 291 N. Y. 501.)
As to the defendants’ second contention, there are no allegations or claims made that the city has erected or permitted the erection of any permanent structures preventing the use of the park area for public park purposes. (Porter v. International Bridge Co., 200 N. Y. 234, 247-248.)
In Roby v. New York Cent. & Hudson Riv. R. R. Co. (142 N. Y. 176) the court held that an easement in a strip of land acquired in condemnation proceedings for railroad purposes was not abandoned by the temporary use of the land for other purposes. The court said at page 181: “ The mere use of the easement for a purpose not authorized, the excessive use or misuse, or the temporary abandonment thereof, are not of themselves sufficient to constitute an abandonment.”
In Kouwenhoven v. New York R. T. Corp. (256 App. Div. 253, 254, affd. without opinion 281 N. Y. 811) the plaintiffs sought in an ejectment action to recover land conveyed by their ancestors to the defendant’s predecessor for railroad purposes subject to the condition that the land was “ to revert to the said parties of the first part, their heirs and assigns whenever the same shall cease to be used as a railroad and for railroad purposes.” A small part of the land conveyed was leased from *18 time to time for other than railroad purposes. The defendant later erected on the land a brick building containing two stores which it leased for a term of 25 years with the right to terminate the lease at the end of any five years of the lease period. The court said at page 255: ‘ ‘ The foregoing facts, contrary to the holding of the Trial Term, do not constitute an abandonment so as to work a reverter of the premises under consideration within the terms of the deed.” (Cases cited.) (See to the same general effect: New York Connecting R. R. Co. v. Queens Used Auto Parts, 273 App. Div. 908, affd. without opinion 298 N. Y. 830; Kip. v. New York Cent. R. R. Co., 140 Misc. 62, 66, affd. without opinion 236 App. Div. 654, affd. 260 N. Y. 692; O’Brien v. New York, New Haven & Hartford R. R. Co., 189 App. Div. 703.)
Moreover, the defendants have failed to show that they have re-entered upon the park area or instituted any action in ejectment against the city to repossess the land, a necessary act to effect the reversion of land upon the breach of a condition subsequent which the defendants claim is the kind of condition that is contained in the grantors’ conveyance to the city.
In Nicoll v. New York & Erie R. R. Co. (12 N. Y. 121, 131) the court said: “ A mere failure to perform a condition subsequent does not divest the estate. The grantor or his heirs may not choose to take advantage of the breach, and until they do so, by entry, or by what is now made by statute its equivalent, there is no forfeiture of the estate.” This statement of the law is well settled. (See Upington v. Corrigan, 151 N. Y. 143, 150; Fowler v. Coates, 201 N. Y. 257, 263; Plumb v. Tubbs, 41 N. Y. 442, 450; Trustees of Union Coll. v. City of New York, 173 N. Y. 38; Southwick v. New York Christian Missionary Soc., 151 App. Div. 116, 119, affd. without opinion 211 N. Y. 515; Resnick v. Croton Park Colony, 3 Misc 2d 109, 114; 4 Thompson on Real Property [Perm, ed.], § 2129.)
In Garruthers v. Spaulding (242 App. Div. 412, 413-414) the court said: “If we assume that the quoted clause in the deed constituted a condition subsequent, upon breach, the plaintiffs had a right of entry for condition broken. This right could be enforced, if legal action prove necessary, by an action in ejectment. (Palmer v. Fort Plain & Cooperstown Plank Road Co., 11 N. Y. 376; Plumb v. Tubbs, 41 id. 442; Trustees of Union College v. City of N. Y., 173 id. 38.) The estate granted by the deed is not terminated until there is re-entry. (Southwick v. N. Y. Christian Missionary Soc. 151 App. Div. 116; affd., 211 N. Y. 515; People v. Wainwright, 237 id. 407.) ”
*19 For the reasons hereinabove stated, I find as a matter of law that the land constituting Days’ Park has not reverted to the defendants, heirs of the grantors, for the alleged breach by the City of Buffalo of a condition subsequent contained in the deed of conveyance to the city.
I further find that this proceeding to condemn the Days’ Park land which was dedicated for a public use and purpose and is used for such purpose may not be expropriated by the City of Buffalo in this proceeding. The plaintiff’s application for a preliminary order of condemnation is denied and its petition dismissed.
Submit order.