[Civ. No. 9981. Third Dist. June 14, 1960.]

THE CITY OF MARYSVILLE et al., Petitioners, v. EUGENE M. BOYD, JR., as City Clerk, etc., Respondent.

Landels, Weigel & Ripley for Petitioners.

Francis M. Arnoldy for Respondent.

VAN DYKE, P. J.—This is a petition for a writ of mandate to compel the respondent clerk of the petitioning city to execute a deed of certain land to the county of Yuba.

The property involved is known as "Cortez Square," and is a public park, which was dedicated to public use in 1851, when the owners recorded a map entitled "Plan of Marysville," whereon the park was designated as "Cortes Square."

The city council of the petitioning city, by a duly adopted ordinance, directed respondent to execute a deed of "Cortez Square" to the county of Yuba for the purpose of erecting

and maintaining thereon a county courthouse, the council having found that such use is the highest and best use to which "Cortez Square" can be put. Respondent refuses to execute the deed on the ground that "Cortez Square" has "become irrevocably dedicated" as a park and cannot be used for any other public purpose.

■ Generally, where property has been dedicated for use as a public park, it cannot be devoted to an inconsistent use. (*McCullough* v. *Board of Education,* 51 Cal. 418, 419; *Harter* v. *San Jose,* 141 Cal. 659, 661 [75 P. 344]; *Spires* v. *City of Los Angeles,* 150 Cal. 64, 70-71 [87 P. 1026, 11 Ann.Cas. 465]; *Slavich* v. *Hamilton,* 201 Cal. 299, 301 [257 P. 60]; *Kelly* v. *Town of Hayward,* 192 Cal. 242, 250 [219 P. 749].) "The main reason for this rule is that in such a case the title remains in the original owner subject to the specified public use." (*Ritzman* v. *City of Los Angeles,* 38 Cal.App.2d 470, 474 [101 P.2d 541].) However, where a municipality has acquired title in fee, a contrary rule applies. (*Ritzman* v. *City of Los Angeles, supra*; *Spinks* v. *City of Los Angeles,* 220 Cal. 366, 368-369 [31 P.2d 193].) In the instant case all rights and interests in Cortez Square have been condemned to the use of petitioner as trustee to convey to the county of Yuba for the erection of a county courthouse thereon, and the judgment in the condemnation action has become final. Nevertheless, respondent refuses to execute a deed of "Cortez Square" to the county of Yuba. He challenges the constitutionality of sections 50530 to 50533, both inclusive, of the Government Code, with all of the provisions of which the petitioning city has complied. These sections are inapplicable.

The petitioning city is a freehold charter city having, pursuant to section 8 of article XI of the Constitution of the State of California, framed a charter which was approved by a concurrent resolution of the Legislature. (Stats. 1919, pp. 1467-1468.) The charter, as amended (Stats. 1954, p. 195), expressly provides in section 6, article II, thereof, at page 198, that the city shall have the power to make and enforce all laws and regulations in respect to municipal affairs, subject only to such restrictions and limitations as may be provided in the charter and in the Constitution of the State of California.

■ There is no reference in the charter to the use or disposition of public parks, but the "charter operates not as a grant of power, but as an instrument of limitation and re-

striction on the exercise of power over all municipal affairs which the city is assumed to possess; and the enumeration of powers does not constitute an exclusion or limitation." (*City of Grass Valley* v. *Walkinshaw*, 34 Cal.2d 595, 598-599 [212 P.2d 894].) Therefore, "the city may deal with such a park to which it holds title in fee, as it sees fit, subject only to the limitations and restrictions of its own charter. If the charter is silent on the matter of abandonment or change in use of such park, that power nevertheless inheres in such a municipality." (*Wiley* v. *City of Berkeley*, 136 Cal.App.2d 10, 14 [288 P.2d 123].) We see no constitutional objection to the proposed grant.

Let the peremptory writ issue.

Peek, J., and Schottky, J., concurred.